**Earl Wayne POWELL, Petitioner,**

v.

**Cass R. WALDEN and Commonwealth of Kentucky, Respondents.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Cecil C. Wilson, Wilson, Herbert, Garmon & Gillenwater, Glasgow, for petitioner.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for respondents.

GARDNER, Commissioner.

Petitioner is under indictment of the Barren Circuit Court on two counts charging illegal possession of dangerous drugs for the purpose of sale and simple illegal possession of dangerous drugs. He is asking this court to prohibit the circuit judge from proceeding with the trial. His argument is novel and without merit.

KRS 217.995(9) provides: "The circuit court shall have exclusive jurisdiction of all prosecutions under this Act, except prosecutions within the jurisdiction of the juvenile court." Since the statute provides that the circuit court shall have *exclusive jurisdiction*, petitioner contends that the issuance of the search warrant, the arrest of the petitioner, and the conducting of . the examining trial were illegal because the proceedings took place in the Barren Quarterly Court.

■ The only plausible interpretation of the phrase "exclusive jurisdiction" is that the circuit court shall be the only tribunal to conduct the trial of the case. The statute precludes the quarterly court, which under other statutes would have triable jurisdiction of misdemeanors, from trying any case under this statute. To interpret the statute as meaning the quarterly court cannot conduct the usual preliminary proceedings is to read into it something that simply is not there. Petitioner cites no pertinent authority upholding his position.

■ Petitioner also contends that if the circuit judge is not prohibited from trying the case he will receive irreparable injury because the "exclusive" provision would

preclude his right of appeal. This contention is also entirely without merit.

The motion for an order of prohibition is denied.

All concur.