**Earl Wayne POWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

Cecil C. Wilson, Wilson, Herbert, Garmon & Gillenwater, Glasgow, for appellant.

Ed W. Hancock, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

By this appeal, Earl Wayne Powell seeks to reverse a judgment convicting him of having in his possession for the purpose of sale 43,100 amphetamine type pills or capsules, classified as a dangerous drug and made unlawful by KRS 217.731(1) (b). This drug is defined as a dangerous drug by KRS 217.725(2) (a). His penalty was fixed at five years in prison and a fine of $5,000.

Appellant's plea for a reversal is divided into two parts. First he contends that the Barren Quarterly Court had no jurisdiction to issue a warrant or hold the appellant to the grand jury; and his second point is that the search warrant was void for lack of a proper supporting affidavit.

In appellant's first argument, he reasons that KRS 217.995(9) gives exclusive jurisdiction to the circuit court in all prosecutions under the Dangerous Drug Act of 1968 and the amendment of 1970. We cannot accept this argument because these statutes must be read along with other statutes giving quarterly courts jurisdiction to conduct examining trials and to hold persons charged with crimes to answer charges that may be later returned by a grand jury. The ink is barely dry on the opinion of this court in Powell v. Walden, Ky., 473 S.W.2d 147, wherein it was written:

"The only plausible interpretation of the phrase 'exclusive jurisdiction' is that the circuit court shall be the only tribunal to conduct the trial of the case. The statute precludes the quarterly court, which under other statutes would have triable jurisdiction of misdemeanors, from trying any case under this statute.

To interpret the statute as meaning the quarterly court cannot conduct the usual preliminary proceedings is to read into it something that simply is not there. Petitioner cites no pertinent authority upholding his position."

We are not persuaded to overrule Powell v. Walden, *supra*.

■ The appellant's second argument is no more convincing than the first. He questions the affidavit for the search warrant. The pertinent part of it is as follows:

"The affiant Detective Jerry Pitcock, Kentucky State Police No. 377, states that he has reasonable grounds to believe and does believe that narcotic and/or dangerous drugs are now being unlawfully kept in possession for the illegal purpose of sale in Barren County, Kentucky, on the following described premises * * *. [W]hich is believed to be in possession and control of Wayne Powell, truck stop operator.

\* \* \* \* \* \*

"The affiant states for his belief that within the last two weeks various pieces of information have led this officer to believe that dangerous and/or narcotic drugs are being sold and possessed for sale on and from said described premises: that on or about Wednesday, November 11, 1970, Trooper William Barrett, KSP No. 602, told this affiant that *on said date while in plain clothes he purchased a bottle of amphedimine (sic) pills from an employee there at said old Pure Oil Truck Stop which is run by and in possession of Wayne Powell;* that said Barrett paid $16.00 for said bottle of pills; that said pills were analyzed by the State Police Laboratory to be amphedimine (sic) drugs;

"That today, November 16, 1970, about 8:30 a. m., this affiant obtained information from a reliable informant who is and has been known to this affiant for at least the past four years to be a reputable citizen of the Barren County area of Kentucky and who has furnished to this affiant correct and reliable information on previous occasions: That said reliable informant who remains confidential under KRS 218.245 for the purposes of this affidavit but whose identity is disclosed orally to the court along with this affidavit, told this affiant that a large quantity of several hundred pills of narcotic and/or dangerous drugs had been seen by him a short time earlier this morning and were then this date in possession of Wayne Powell on the above described premises * * *; that said pills appeared to the informant to be the same type pill sold to Trooper Barrett above described as amphedimine (sic) and possibly including other dangerous drugs and/or narcotics.

"That a large quantity of narcotics and/or dangerous drugs is now stored on said premises for the purpose of illegal sale."

Without repeating here what was written in our late case of Berkshire v. Commonwealth, Ky., 471 S.W.2d 695, it is sufficient to say what is obvious, and that is the affidavit in question meets all the requirements outlined in Berkshire with plenty to spare. It is equally obvious that the affidavit in question is valid and sufficient under the rules of any other jurisdiction, including those strict and exacting rules of the Supreme Court of the United States of America.

The judgment is affirmed.

All concur.