Honorable James E. KELLER, Judge, Fayette Circuit Court, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 12, 1980.

Hon. James E. Keller, Judge, pro se.

Robert F. Stephens, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

This is an appeal from an order of the Court of Appeals of Kentucky prohibiting the appellant from refusing to assume jurisdiction over certain misdemeanor offenses which had originally been pending in the District Court of Fayette County, Kentucky, and thereafter joined in an indictment for felony offenses.

William Bradburn was charged in the district court with four felonies and two misdemeanors. Joyce Bradburn was charged in the district court with two felonies and one misdemeanor. All charges were for offenses which were alleged to have grown out of trafficking in controlled substances. The Bradburns each made appearances in the district court on February 23, April 16, May 4 and June 1, 1976. At the June appearances they were held to the action of the Grand Jury of Fayette County, Kentucky. The grand jury returned Indictment No. 78CR279 charging both William and Joyce with the commission of the same offenses, felonies and misdemeanors for which they had appeared in the district court. On August 2, 1978, the appellant refused to take jurisdiction of the misdemeanor charges and entered an order returning the misdemeanor charges to the district court for trial and disposition. However, on August 24, 1978, an order was entered by appellant staying the August 2nd order pending this appeal. The Commonwealth took steps to bring this action before the Court of Appeals, where the petition for a writ prohibiting appellant from refusing to take jurisdiction was granted. The appellant now proceeds with this appeal as a matter of right. Kentucky Constitution, Section 115.

The issue presented is whether the misdemeanor offenses must [1] be tried in the district court or whether, after an indictment

1. "Must" is used to denote without discretion.

had been returned incorporating both the misdemeanor offenses with related felony offenses, the misdemeanor offenses may[2] be tried in the circuit court along with the felony offenses. Several statutes and several criminal practice rules need to be considered in an effort to avoid any inconsistency or repugnancy and to come to a logical conclusion.

Kentucky Constitution, Section 112(5):

"The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law."

"KRS 24A.110. Criminal jurisdiction. —(1) The district court shall have exclusive jurisdiction to make final disposition of all criminal matters, including violations of county, urban-county, or city ordinances or codes, except:

(a) Offenses denominated by statute as felonies or capital offenses; and

(b) Offenses punishable by death or imprisonment in the penitentiary.

(2) The district court has exclusive jurisdiction to make a final disposition of any charge or a public offense denominated as a misdemeanor or violation, except where the charge is joined with an indictment for a felony, and all violations of county, urban-county, or city ordinances and, prior to trial, to commit the defendant to jail or hold him to bail or other form of pretrial release.

(3) The district court has, concurrent with circuit court, jurisdiction to examine any charge of a public offense denominated as a felony or capital offense or which may be punished by death or imprisonment in the penitentiary and to commit the defendant to jail or hold him to bail or other form of pretrial release.

(4) The district court may, upon motion and for good cause shown, reduce a charge of a felony to a misdemeanor in accordance with the Rules of Criminal Procedure."

"KRS 24A.020. Exclusive jurisdiction granted district court by statute—Exception.—When jurisdiction over any matter is granted to district court by statute, such jurisdiction shall be deemed to be exclusive unless the statute specifically states that the jurisdiction shall be concurrent."

"Rule 3.04—Trial or Preliminary hearing.

When a person is brought or appears before a magistrate having jurisdiction of the offense charged he shall proceed with the trial. If the magistrate does not have jurisdiction of the offense charged but does have jurisdiction to hold a preliminary hearing, he shall proceed to hold the preliminary hearing. If the magistrate does not have jurisdiction to either try the case or hold the preliminary hearing, he shall order the defendant to be taken before a court of competent jurisdiction for further proceedings and may release the defendant on personal recognizance or admit him to bail for his appearance before that court, if the offense is bailable, or commit the defendant to jail to await the trial or preliminary hearing."

"Rule 6.18—Joinder of Offenses. Two (2) or more offenses may be charged in the same information or two (2) or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

KRS 24A.110 was enacted at the 1976 Extraordinary Session of the Kentucky General Assembly. Subsections (1)(a) and (b) appear as Section 10 of Chapter 28. Subsections (2), (3) and (4) appear as Section 2 of Chapter 22. Section 1 of Chapter 22 appears as KRS 24A.020.

■ The jurisdiction of the district court and the jurisdiction of the circuit court are not set out with crystal clarity. Appellant interprets the statutes and the Rules of

2. "May" is used to denote a discretion.

Criminal Practice to mean that when the district court once assumes jurisdiction of a proceeding in which both felony and misdemeanor offenses are involved, it continues with sole jurisdiction as to the misdemeanor offenses to the exclusion of the circuit court even though an indictment subsequently was returned by the grand jury which included the same felony and misdemeanor offenses. The Commonwealth, on the other hand, contends that the grand jury having returned an indictment charging both the felony and misdemeanor offenses, the district court lost jurisdiction of the misdemeanor offenses. Somewhere between these two extremes must lie the answer.

In *Powell v. Walden*, Ky., 473 S.W.2d 147 (1971), this court had occasion to construe the phrase "exclusive jurisdiction." We said, "The only plausible interpretation of the phrase 'exclusive jurisdiction' is that the circuit court shall be the only tribunal to conduct the trial of [this] case." In *Powell v. Commonwealth*, Ky., 483 S.W.2d 158 (1972), this court again had occasion to consider the phrase "exclusive jurisdiction." We said:

> "In appellant's first argument, he reasons that KRS 217.995(9) gives exclusive jurisdiction to the circuit court in all prosecutions under the Dangerous Drug Act of 1968 and the amendment of 1970. We cannot accept this argument because these statutes must be read along with other statutes giving quarterly courts jurisdiction to conduct examining trials and to hold persons charged with crimes to answer charges that may be later returned by a grand jury."

These cases were decided on the "only plausible interpretation theory;" that is to say that any interpretation other than the one which was made would not be plausible. Would the only plausible interpretation of the phrase "exclusive jurisdiction" be that which is argued by appellant, that once the district court assumes jurisdiction of a misdemeanor offense, even though accompanied by a related felony offense, that court

retains jurisdiction to the exclusion of all others? We think not.[3] KRS 24A.110(2) recognizes a joinder of the misdemeanor with a felony in an indictment. Since the district court has no jurisdiction over the felony offense, it is logical to assume that KRS 24A.110(1)(a) and (b) meant to rationalize the jurisdiction of the circuit court since it alone had jurisdiction of the felony offenses. We find no fault with joining a felony and a misdemeanor offense in one indictment. RCr 6.18 must have some meaning. It would be a waste of time to recognize the authority of a grand jury to join a felony and a misdemeanor in one indictment and then to hold, as appellant would have us do, that the misdemeanors could not be tried in the circuit court. Such an interpretation would also void any meaning to the exception found in KRS 24A.110(2). The exception must have been put in the statute for some purpose. We deem it to have been so as to permit the circuit court to have jurisdiction of both misdemeanor and felony offenses where they are contained in one indictment, such as in the present case, and related as characterized in RCr 6.18. There is no plausible reason to construe the statutes to place jurisdiction only in the district court. As a matter of fact, the statutes unequivocally place jurisdiction in the circuit court when such an indictment charges both a felony and a misdemeanor. An indictment can join a felony and a misdemeanor. RCr 6.18.

The appellant calls our attention to *Akers v. Stephenson*, Ky., 469 S.W.2d 704 (1970), wherein we said:

> "It is a well settled rule that where the parties and the subject matter are the same, once a court of concurrent jurisdiction has begun the exercise of that jurisdiction over a case, its authority to deal with the action is exclusive and no other court of concurrent jurisdiction may interfere with the pending proceedings."

We do not have the situation of concurrent jurisdiction. The district court had jurisdiction of the misdemeanors but not

---

**3.** Unless jeopardy has attached in the district court or unless the circuit court has properly severed the misdemeanor pursuant to RCr 9.14 or RCr 9.16.

the felonies. As far as the felony offenses were concerned, the district court could act only as an examining court. The circuit court, and it alone, had jurisdiction of the felony offenses, and by reason of the exception found in KRS 24A.110(2), it also had jurisdiction of the misdemeanor offenses.

RCr 1.04 provides:

"The Rules of Criminal Procedure are intended to provide for a just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

In the event the appellant should succeed in his argument, it would result in a delay of the trial of the misdemeanor charges that are contained in an indictment irrespective of whether the misdemeanors appear alone in the indictment or appear jointly with other related offenses. It further appears that the result of appellant's argument, if accepted, would tend to complicate the procedure in bringing the misdemeanor charges to trial.

The circuit judge labored under the erroneous impression that he had no jurisdiction to try the subject misdemeanors and must therefore transfer them to the district court. When we take into consideration that the circuit court is a court of general jurisdiction and that any purported exclusive control that may have been invested by KRS 24A.110(2) is limited to those instances other than where the misdemeanor charges are joined in an indictment for a felony, we are of the opinion that the appellant had jurisdiction to try both the misdemeanor and felony charges. It erred in remanding the case to the district court for trial and final disposition.

In view of the disposition that is being made of this action, it will not be necessary for the Commonwealth to file a brief herein.

The judgment of the Court of Appeals is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.