**David Lowell KING, Appellant,**

v.

**Hon. Edgar N. VENTERS, Judge, Pike Circuit Court, Appellee.**

Supreme Court of Kentucky.

March 11, 1980.

Jack Emory Farley, Public Advocate, Commonwealth of Kentucky, Frankfort, M. Gail Robinson, Kevin Michael McNally, Asst. Public Advocate, for appellant.

Steven L. Beshear, Atty. Gen., Sam E. Isaacs, James Zerhusen, Asst. Attys. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

Appellant brought this action in the Court of Appeals for an order of mandamus requiring the presiding judge of the Pike Circuit Court either to dismiss two indictments against the appellant or to grant him a "post-indictment preliminary hearing" for the purpose, presumably, of determining whether the indictments are founded upon probable cause. He appeals from an order of the Court of Appeals denying relief.

The purpose of a preliminary hearing, or "examining trial," in this state—and its only purpose—is to determine whether there is sufficient evidence to justify detaining the defendant in jail or under bond until the grand jury has an opportunity to act on the charges. No law has been enacted and no constitutional amendment has been adopted that requires an indictment to be founded on probable cause. As a matter of fact, there is no principle under which the grand jury is bound to give any consideration whatever to the showing made in an examining trial. It may rest its conclusions entirely upon evidence independently brought before it.

The ultimate stage of a criminal proceeding designed for the purpose of testing the evidence is the trial on the merits. We do not consider that the fundamental "rights" of a defendant demand a series of mini-trials to be hurdled by the prosecuting authorities before gaining entrance to the main ring. Nor do we accept the proposition that grand juries are merely the unwit-

ting tools of abusive prosecutors. *Cf. Hawkins v. Superior Court,* 22 Cal.3d 584, 150 Cal.Rptr. 435, 586 P.2d 916 (1978). In this state the prosecuting attorney is elected by the people, and he occupies a high position of trust and responsibility. It is presumed as a matter of course that he will exercise proper discretion in the performance of his duties. Indeed, since he must face reelection or get out, it is in his own interest not to seek indictments unless he feels that he has enough evidence to justify convictions. No lawyer in his right mind, least of all one whose tenure in office depends on successful performance, wants to run the risk of falling on his face in front of a jury.

The institution of the grand jury, too, is overly maligned in some of the articles cited in *Hawkins,* supra. It is, after all, in this context only a screening mechanism. The prosecutor cannot subject a defendant to a felony trial without its permission. Const. Sec. 248. In those states where felony charges can be brought by information, perhaps a preliminary trial to determine probable cause is a desirable protective measure against possible prosecutorial abuse, but even there it seems to us that if the question is confined, as it should be, to whether the prosecution has enough evidence to warrant a trial, the protection to the defendant is more shadow than substance, because its true purpose is to prevent arbitrary prosecution, and not to provide information to the defendant.

If we did not say it clearly enough in *Edwards v. Commonwealth,* Ky., 500 S.W.2d 396, 398 (1973), we say it again now, that a preliminary hearing, examining trial, or any other "probable cause" inquiry, is not prerequisite to the consideration of a charge by the grand jury or to the validity of an indictment returned pursuant to a "direct submission." Nor can the validity of any indictment, in this state at least, be successfully attacked upon the ground of insufficient evidence.

The order denying mandamus is affirmed.

All concur.