**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Jerry HAMBLEM, Appellee.**

Court of Appeals of Kentucky.

March 27, 1981.

Rehearing Denied May 22, 1981.

Opinion and order vacating order granting discretionary review and remanding to Court of Appeals for final disposition Feb. 16, 1982.

Steven L. Beshear, Atty. Gen., Frankfort, Gail Allen, Sp. Asst. Atty. Gen., Louisville, for appellant.

Frank W. Heft, Jr., Chief Appellate, Public Defender, Daniel T. Goyette Chief Deputy Public Defender, Bruce P. Hackett, Asst. Dist. Defender, Jefferson Dist. Public Defender, Louisville, for appellee.

Before HOWARD, HOWERTON and LESTER, JJ.

HOWARD, Judge.

This appeal involves a question that has not previously been determined by our Court; that is, whether the issuance of an indictment on a felony charge places sole jurisdiction in the circuit court, thereby terminating jurisdiction in the district court.

The appellee was arrested by the Louisville Police on May 18, 1978, and charged with burglary in the first degree. On May 26, 1978, an indictment charging burglary in the first degree and persistent felony offender in the first degree was returned by the Jefferson grand jury. Appellee failed to appear for arraignment in the circuit court on June 7, 1978, and a $25,000.00 bench warrant was issued.

The clerk of the district court was apparently notified of the indictment but failed to remove appellee's case from their docket. Appellee failed to appear for a July 7, 1978 hearing at the district court; then on August 10, 1978, appellee appeared in district court and pled guilty to an amended charge of criminal attempt of burglary in the third degree. He received a suspended twelve-month sentence.

Appellee was subsequently arrested on the bench warrant and arraigned on October 8, 1979. On May 12, 1980, the trial court, on motion of appellee, dismissed the indictment on the ground of double jeopardy.

The Commonwealth asserts that once the grand jury issued its indictment, the Jefferson district court had no jurisdiction to accept appellee's plea to the reduced charge and therefore there was no double jeopardy. We agree.

Under K.R.S. 24A.110 the district court has jurisdiction to either (1) examine a felony offense and commit the defendant to jail or set bond, or (2) for good cause shown, reduce the charge to a misdemeanor, thereby bringing the case within its jurisdiction for final disposition. The Kentucky Consti-

tution, Section 112(5) gives the circuit court original jurisdiction of all justiciable causes not vested in some other court. Final disposition of felony cases is expressly excepted from district court jurisdiction.

In *Keller v. Commonwealth*, Ky., 594 S.W.2d 589 (1980), our Supreme Court discussed one aspect of the problem caused by the overlapping jurisdiction of district and circuit courts. The issue there was whether a circuit court must assume jurisdiction over misdemeanor offenses pending in a district court when said misdemeanors are joined in an indictment for felony offenses. The Supreme Court held that the circuit court, as a court of general jurisdiction, had jurisdiction over the misdemeanors once joined with a felony by way of the following language in K.R.S. 24A.110(2):

> The district court has exclusive jurisdiction to make a final disposition of any charge or a public offense denominated as a misdemeanor or violation, *except where the charge is joined with an indictment for a felony.* . . . (Emphasis added)

The court went on to say that:

> The district court had jurisdiction of the misdemeanors but not the felonies. As far as the felony offenses were concerned, the district court could act only as an examining court. The circuit court, and it alone, had jurisdiction of the felony offenses. . . .

*Supra*, 594 S.W.2d at 591–592.

Prior to the issuance of the indictment, the district court's jurisdiction included the power to reduce the felony charge to a misdemeanor but once the indictment came down, the district court could no longer dispose of the felony charge. We agree with appellant's view that to allow the district court to retain jurisdiction of felony offenses after an indictment on the same offense, particularly in light of the fact that the only disposition the district court has authority to make is a reduction of the felony to a misdemeanor, could lead to an abuse of our two-tiered court system.

Appellee cites *Thiem v. Commonwealth*, Ky., 269 S.W.2d 195 (1954), for the proposition that a court is without jurisdiction over a defendant where there has been neither an arrest nor service of process. That case is clearly distinguishable in that here appellee was arrested and properly before the district court as an examining court prior to issuance of the indictment.

Therefore, we hold that once the indictment issued, the district court no longer had power to make a final disposition of the case. *See, Collins v. Swenson*, 443 F.2d 329 (Eighth Circuit, 1971).

All concur.