Arthur J. BOWLING, Commonwealth Attorney, 32nd Judicial District, Commonwealth of Kentucky ex rel Arthur J. Bowling, November/December 1982/January 1983 Grand Jury of Boyd County, Ky., Scotty Thompson, Foreman, November/December 1982/January 1983 Grand Jury of Boyd County, Ky., Appellants,

v.

Charles S. SINNETTE, Judge, Boyd Circuit Court, Appellee.

Supreme Court of Kentucky.

March 29, 1984.

**744**

Arthur J. Bowling, James H. Moore, III, Catlettsburg, for appellants.

Calvin R. Gearhart, Ernest M. Pitt, Jr., Ashland, for amicus curiae Roy Rice and Ray Vanhoose.

Charles S. Sinnette, pro se.

VANCE, Justice.

The September, 1982 Grand Jury of Boyd County, Kentucky conducted an investigation and heard evidence relating to certain actions of four former sheriffs of the county. The investigation was not completed, and the matter was referred to the next Grand Jury.

The investigation was continued by the January, 1983 Grand Jury which did not return any indictment as a result of the investigation and did not refer the matter to any subsequent Grand Jury. The final report of the January, 1983 Grand Jury contained the following language:

"We, the Grand Jury, upon investigating the matter of delinquent tax dismursements (sic) to former sheriffs of this county, have concluded there is evidence of some practices that do not reasonable (sic) confirm (sic) to the applicable statutes and regulations of this state.

"However, we could not unanimously conclude that there was criminal intent or forethought of wrongdoing.

"We cannot reach a decision due to material evidence not being available for our consideration.

"The purpose of this investigation was a legitimate exercise of our duties and responsibilities to the citizens of this county. We are proud that all connected with this investigation have acted properly with the best of intentions. The magnitude of this type of investigation naturally draws more public attention than routine investigative matters. However, as instructed by circuit Judge Charles Sinette, as an inquisitorial body we are prevented from drawing conclusions or inferences as to individuals, outside any indictment, nor revealing the substance or proceedings before us.

"The extended term provided was partially due to the complexity of this and other investigations, exclusive of the routine workload.

"The Commonwealth's Attorney's Office, charged with the difficult task of helping twelve lay people through criminal investigatory procedures, and in spite of any undue criticism, have acted admirably and without any attempt to take advantage of our inexperience. Therefore, we wish to express our thanks to the office and staff of the Commonwealth's Attorney's office, having well upheld the ethical duties and high professional standards of their office.

"We hope the citizens of this county recognize the difficult task presented to any grand jury and that this jury and the others preceeding us, have attempted to uphold the history and integrity of our position."

The four former sheriffs filed an ex parte motion styled "In Re: Grand Jury Report filed January 28, 1983" in which they requested that the portions of the Grand Jury report quoted above be stricken. The court sustained the motion upon the ground that the material stricken was surplusage and outside the scope of the Grand Jury and its duties.

There was no appeal from the order. However, an original petition was filed in the Kentucky Court of Appeals against the appellee, Judge of the Boyd Circuit Court, which sought to compel him to vacate the order striking portions of the Grand Jury report.

The Court of Appeals denied the mandamus, and an appeal was taken to this court as a matter of right. We affirm the deci-

sion of the Court of Appeals, but for a reason different from the reason stated in the order of the Court of Appeals.

The Court of Appeals dismissed the petition for mandamus for the reason that appellants appeared to have an adequate remedy by appeal. Appellants contend they had no remedy by appeal because the order of circuit court was granted as a result of an ex parte motion in which they were not made parties. They contend there was no civil action as defined by our rules of practice. Consequently, appellants contend there were no parties who could be designated as appellants or appellees in a notice of appeal and a statement of appeal. Their only relief, they contend, lay in a petition for mandamus.

■ We conclude that the petition for mandamus should not have been dismissed on the ground that appellants had an adequate remedy by appeal. It does not follow, however, that the decision of the Court of Appeals is erroneous if the petition should have been denied for another reason.

■ A Grand Jury is a part of the court, and under judicial control, so there can be no doubt that a session of the Grand Jury is a proceeding in a circuit court. *Greenwell v. Commonwealth*, Ky., 317 S.W.2d 859, 861 (1958). A Grand Jury is required to inquire into every offense for which any person has been held to answer and for which an indictment or information has not been filed, or other offenses which come to their attention or of which any of them has knowledge. RCr 5.02.

■ Indictments must be returned to the circuit judge by the foreman of the Grand Jury in the presence of the Grand Jury in open court. RCr 5.20. The Grand Jury must report to the court in writing if there is an insufficient number of votes to indict a person held to answer and must report to the court in writing any case in which the investigation of charges against a defendant are referred to the next Grand Jury.

We are not advised in briefs submitted by the parties to this appeal of any other reports to the court which are required of Grand Juries.

In *Matthews v. Pound*, Ky., 403 S.W.2d 7 (1966), we stated:

"Again referring to the serious duties and responsibilities of such an inquisitorial and accusing body, it has been held that in the absence of statute a grand jury has no right to file a report reflecting on the character of conduct of public officers or citizens unless it is followed by an indictment. *Coons v. State*, 191 Ind. 580, 134 N.E. 194, 20 A.L.R. 900; *Bennett v. Kalamazoo Circuit Judge*, 183 Mich. 200, 150 N.W. 141, Ann.Cas. 1916E, 223. When the report does not amount to an indictment or presentment, it has been held that such report is not privileged and may be the basis for a libel action. *Poston v. Washington, A. & Mt. V. R. Co.*, 36 App.D.C. 359, 32 L.R.A., N.S., 785. Thus, it is in the interest of the grand jurors to see that all matter which is believed to be a proper basis for future investigation and prosecution should be included in the report. Accusations with substance lacking are baseless."

*Matthews v. Pound, supra*, at page 10. See also 38 Am.Jur.2d, *Grand Jury*, § 30 and 38 C.J.S., *Grand Juries*, § 34.

■ We align ourselves with those jurisdictions which hold that a Grand Jury has no right to file a report which reflects on the character of a citizen or public officer when no indictment is returned against the citizen or officer. The Grand Jury is an important body under our constitution designed in large part to protect citizens from the necessity of defending themselves against baseless charges. It should not be permitted to cast aspersions on citizens when the evidence before it is insufficient to persuade the members of the Jury that probable cause exists that an offense was committed.

■ Because the report of a Grand Jury is a judicial proceeding under judicial control, the circuit court has jurisdiction to expunge from a report matters which can-

not be properly included therein. Any question of abuse of discretion by the trial court can be resolved by an original action in the Court of Appeals.

 The report of the Grand Jury herein indicates that the four former sheriffs engaged in some practices contrary to statute; that the Jury was unable to reach a decision because material evidence was not available for consideration by the Jury, yet the matter was not referred to the next Grand Jury; and no indictment was returned. It was entirely proper for the trial judge to strike these portions of the Grand Jury report.

The decision of the Court of Appeals is affirmed.

All concur.