COMMONWEALTH of
Kentucky, Appellant,

v.

Larry ARNETTE, Appellee.

Supreme Court of Kentucky.

Dec. 19, 1985.

David L. Armstrong, Atty. Gen., Frankfort, Joseph T. Bouvier, Sp. Asst. Atty. Gen., Lexington, for appellant.

J. Vincent Aprile, Asst. Public Advocate, Frankfort, for appellee.

WINTERSHEIMER, Justice.

The question to be certified is whether a district court has jurisdiction to hold a preliminary hearing on a misdemeanor and refer that misdemeanor to the grand jury if the misdemeanor is joined with a felony.

A subsidiary question is whether a double jeopardy situation is created when the district court conducts such a preliminary hearing.

Arnette was arrested and charged with sexual abuse in the first degree, a Class D felony pursuant to KRS 510.110, and terroristic threatening, a Class A misdemeanor, pursuant to KRS 508.080. The district court judge heard testimony in a preliminary hearing as to both charges and referred the matter to the grand jury which indicted Arnette on those charges plus the charge of intimidating a witness. Subsequently, the circuit court dismissed the misdemeanor charge as subject to prior jeopardy in the preliminary hearing. The Commonwealth sought a certification of the law.

■ This Court certifies the law to the effect that a district court has jurisdiction to hold a preliminary hearing on a misdemeanor charge and to refer that misdemeanor to the grand jury if it is joined with a felony. When the district court conducts such a preliminary hearing, jeopardy will not attach on the misdemeanor to the extent that it has been joined with a felony.

■ The purpose of a preliminary hearing in this state is to determine whether there is sufficient evidence to justify detaining the defendant in jail or under bond until the grand jury has an opportunity to act on the charges. *King v. Venters*, Ky., 595 S.W.2d 714 (1980). The procedure protects the accused from detention on groundless charges. Permissive joinder of a misdemeanor with a felony in this hearing does not diminish the defendant's rights.

RCr 6.18 provides that two or more offenses may be charged in the same complaint or two or more offenses whether felonies or misdemeanors or both may be charged in the same indictment or information if the offenses are of the same or similar character or are based on the same facts or transactions connected together. When a felony is joined with a misdemeanor in the same complaint, the two charges make their way into the same indictment by being sent to the grand jury by the district court. There does not appear to be any rule or statute directing the courts specifically on this manner of procedure but such is permissible under a liberal construction of RCr 1.04. Joinder of a misdemeanor with a felony in the examining trial is simply ancillary to the district court's grant of jurisdiction and authority to conduct such hearings in felony and capital cases.

*Keller v. Commonwealth*, Ky., 594 S.W.2d 589 at 590 (1980), states that the jurisdiction of the district court and the jurisdiction of the circuit court are not set out with crystal clarity. In *Keller, supra,* this Court reviewed the prior decisions and constitutional and statutory provisions and stated that the cases were decided on the "only plausible interpretation theory." Obviously the district court has no trial jurisdiction over a felony offense. KRS 24A.110(1)(a) and (b) provides a mechanism for the circuit court to exercise jurisdiction over misdemeanor offenses and felony offenses when they are in the same indictment. RCr 6.18 provides the method of combination. It would be foolish to recognize the authority of the grand jury to join a felony and a misdemeanor in one indictment and then to hold that the district court referring the felony charge to the grand jury could not likewise hold the less serious misdemeanor over to that grand jury. *See Kimbro v. Lassiter*, Ky., 648 S.W.2d 860 (1983).

RCr 1.04 provides that the Rules of Criminal Procedure are intended to provide for a just determination of every criminal proceeding and are to be construed to obtain simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. *Keller.* We agree with the Keller court in as much as the position assumed by the amicus curiae herein would result in delay of the misdemeanor trial and would complicate the procedure in bringing the misdemeanor charge to trial.

The public advocate, as amicus curiae, argues that the district court must set the misdemeanor for trial. This is only one alternative, but it is the one specifically authorized by the rules. RCr 3.07. The common practice appears to be that the district court would only conduct hearings on the felony and hold the misdemeanor over until the grand jury has acted one way or another. The mandates of reality and the later rules on joinder of offenses warrant some judicial discretion. Otherwise, the circuit and district court dockets will be clogged with many of the same cases perhaps resulting in felony offenders receiving simple misdemeanor convictions if the district court acts first and jeopardy attaches.

The joinder of misdemeanor and felony cases and the preliminary hearing of such cases by the district court prior to a reference to the grand jury on a finding of

probable cause is not prohibited by the rules or statute. The arguments presented by the amicus curiae in this respect are unconvincing.

A proper procedure in order to effectuate the provisions of RCr 6.18 is to permit the district court to hold a preliminary hearing on felonies and misdemeanors when joined in a complaint and to refer both to the grand jury when appropriate.

The law is so certified.

All concur.