Rick B. NELSON, Appellant,

v.

James SHAKE, Judge, Jefferson Circuit Court and Commonwealth of Kentucky, Appellees.

No. 2002–SC–0087–MR.

Supreme Court of Kentucky.

Aug. 22, 2002.

J. David Niehaus, Office of the Public Defender for Jefferson District Public Defender, Louisville, for Appellant.

James M. Shake, Hall of Justice, Louisville, A.B. Chandler, III, Attorney General, Frankfort, Jeanne Deborah Anderson, Louisville, for Appellees.

## OPINION

Appellant, Rick B. Nelson, sought a writ of prohibition from the Court of Appeals to prohibit the Jefferson Circuit Court from conducting further proceedings regarding his indictment for first-degree rape and first-degree unlawful imprisonment. The main issue in this matter is whether a district court's order to hold a competency hearing prevents any other court proceeding, including a session of the Grand Jury, from going forward until the said hearing has occurred. For the reasons set forth herein, we affirm the Court of Appeals.

Appellant was charged with first-degree rape and first-degree unlawful imprisonment on August 8, 2001. On August 20, 2001, Appellant moved for a competency hearing in the district court where the motion was sustained and a hearing was set for October 4, 2001. On September 18, 2001, the Grand Jury of Jefferson County indicted Appellant on the aforementioned charges. On September 25, 2001, Appellant moved the circuit court to dismiss the Grand Jury's indictment on the grounds that the proceedings should have been postponed pursuant to RCr 8.06. On October 4, 2001, the district court declined to hold the competency hearing having determined that it did not have jurisdiction to proceed following the issuance of the indictment by the Grand Jury. The circuit court subsequently dismissed Appellant's motion to dismiss the indictment on October 10, 2001. Appellant then sought a writ of prohibition from the Court of Appeals to prohibit the circuit court from conducting further proceedings regarding this matter, which was denied. Appellant now appeals as a matter of right and asks this Court to reverse the order of the Court of Appeals and to prohibit any further prosecution of the current indictment against him.

The primary issue in this matter is whether a district court's order to hold a competency hearing prevents any other court proceeding, including a session of the Grand Jury, from going forward until the said hearing has occurred. Appellant asserts that, at the time the district judge entered an order concerning his competency to stand trial, RCr 8.06 precluded any action against him. Appellant further asserts that this would necessarily include any presentations before the Grand Jury. Thus, Appellant contends that the circuit court was in error when it dismissed his motion to dismiss the indictment against him on October 10, 2001. Appellant claims that the circuit court should have accepted his motion because RCr 8.06 encompasses "all proceedings," and accordingly, the indictment should be dismissed because a presentation before the Grand Jury constitutes a proceeding of the circuit court.

RCr 8.06 provides:

If upon the arraignment or during the proceedings there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or her, or to participate rationally in his or her defense, all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100.

We disagree with Appellant's reading of RCr 8.06. Appellant interprets RCr 8.06 too broadly by construing "all proceedings" to include a session of the Grand Jury. Appellant neglects to consider the language found at the beginning of RCr 8.06, wherein it provides, "[i]f upon the arraignment or during the proceedings ..."

We find that RCr 8.06 refers to proceedings beginning with the arraignment of a defendant as opposed to Appellant's view that "all proceedings" are included. Appellant fails to consider the entire language of RCr 8.06. When RCr 8.06 is taken as whole, a reasonable interpretation of the language includes proceedings following arraignment. It would be highly unreasonable and impractical to adopt Appellant's interpretation of RCr 8.06. The purpose of RCr 8.06 is to postpone trial court proceedings in order to determine the capacity of the accused. If the accused is found to be incompetent to stand trial, then the trial cannot proceed until the accused has regained competency. The postponing of trial proceedings, in lieu of a competency determination, occurs because it would be inefficient and a waste of the court's time to continue trial proceedings if the accused is found to lack the capacity to stand trial. A proceeding of the Grand Jury does not fall within RCr 8.06 because the competency of an individual is irrelevant to indictment. There is no reason to delay a Grand Jury proceeding because all that may come out of this type of proceeding is an indictment.

Appellant also relies on language found in *Bowling v. Sinnette,* Ky., 666 S.W.2d 743 (1984), which provides, "[a] Grand Jury is a part of the court, and under judicial control, so there can be no doubt that a session of the Grand Jury is a proceeding in a circuit court." *Id.* at 745. We find no error in this language, and agree that a session of the Grand Jury is indeed a circuit court proceeding. With that being said, however, this language hardly lends support to the notion that a Grand Jury proceeding was meant to be the type of proceeding postponed pursuant to RCr 8.06. Sessions of the Grand Jury have no relation to the competency of an accused. The Grand Jury is simply a mechanism to inform the accused of the charges against him. Furthermore, RCr 8.06 relates to a defendant's ability to rationally participate in his defense. A defendant has no right to present evidence to the Grand Jury. RCr 8.06 was meant to protect a defendant's rights until his capacity to be tried was determined, not to stop a Grand Jury proceeding. It would be a poor use of judicial resources to postpone a session of the Grand Jury until a competency hearing has been held.

We further find that the district court has no jurisdiction over this matter. A felony indictment invokes the jurisdiction of the circuit court. *Myers v. Commonwealth,* Ky., 42 S.W.3d 594, 596 (2001) (citing *Broughton v. Commonwealth,* Ky. App., 596 S.W.2d 22, 23 (1979)). Also, in *Jackson v. Commonwealth,* Ky., 633 S.W.2d 61 (1982), we specifically held that once an indictment for trafficking was returned, the district court was divested of all jurisdiction to make final disposition of a lesser included offense. *Id.* at 62. Likewise, the district court was divested of jurisdiction once the Grand Jury issued the indictment against Appellant.

When a defendant makes his initial appearance before the court, he must be advised of his right to a preliminary hearing. RCr 3.05. Further, a careful reading of RCr 3.07 teaches that "[i]f the judge does not have authority to try the offense charged but does have venue to hold a preliminary hearing, the judge shall proceed in accordance with the remainder of Chapter III." That is precisely the circumstance before the Court herein. RCr 8.06 is not a part of Chapter III and does not, therefore, apply to the district court under these circumstances.

Appellant has simply misconstrued the intentions behind RCr 8.06. It would make no sense to order the indictment dismissed, only to have another session of

the Grand Jury be held, where the same or similar evidence will be presented. Moreover, the district court's decision to hold a competency hearing did not act as a bar to Grand Jury proceedings. The district court lost jurisdiction over this matter when the Grand Jury issued the indictment.

Appellant may or may not be competent to stand trial. The proper forum to hold any competency hearing lies in the circuit court, which is where this case will be ultimately decided. The circuit court will have to use its due discretion to determine whether to conduct a hearing concerning Appellant's capacity to stand trial. We hold that the district court has no jurisdiction in this matter, and we find no error in the judgment below. Accordingly, we affirm the decision of the Court of Appeals denying the writ of prohibition.

All concur.