**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Larry YELDER, Appellee.**

No. 2001–CA–002297–MR.

Court of Appeals of Kentucky.

Oct. 11, 2002.

A.B. Chandler III, Attorney General of Kentucky, Jeanne Anderson, Bryan Fantoni, Special Assistant Attorneys General, Louisville, KY, for appellant.

J. David Niehaus, Louisville, KY, for appellee.

Before EMBERTON, Chief Judge, BUCKINGHAM and GUDGEL, Judges.

*OPINION*

BUCKINGHAM, Judge.

The Commonwealth of Kentucky appeals from an order of the Jefferson Circuit Court dismissing a criminal indictment against Larry Yelder. Because we conclude that the circuit court erroneously dismissed the indictment, we reverse and remand.

Larry Yelder was arrested on a charge of second-degree rape on December 7, 2000. On the following day, he was arraigned in the Jefferson District Court. His attorney subsequently filed a motion requesting that Yelder's competency be evaluated. The motion was granted in late January 2001, and all further proceedings in the Jefferson District Court were suspended pending the evaluation.

On February 13, 2001, a Jefferson County grand jury returned an indictment against Yelder charging him with the crime. Following the issuance of the circuit court indictment, the district court entered an order dismissing the action pending before it. Yelder was arraigned in the Jefferson Circuit Court on February 19, 2001.

On March 20, 2001, Yelder's attorney filed a second competency motion, this time in circuit court. The circuit court granted the motion, and Yelder was evaluated by a staff psychiatrist at the Kentucky Correctional Psychiatric Center. The psychiatrist determined that Yelder was competent to stand trial, and Yelder thereafter stipulated his competency.

Yelder subsequently filed a motion to dismiss the indictment. He argued in his motion that all further proceedings in his case, including the indictment, should have been suspended once the district court granted his motion to have his competency evaluated. On October 9, 2001, the circuit court entered an order granting Yelder's motion to dismiss. Yelder was thereafter released from custody, and the Commonwealth filed this appeal.

KRS[1] 504.100(1) states as follows:

If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition.

RCr[2] 8.06 states as follows:

If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or her, or to participate rationally in his or her defense, *all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100.* (Emphasis added.)

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Criminal Procedure.

■ Yelder maintains that the language in RCr 8.06 that "all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100" means that grand jury action in Yelder's case should not have proceeded until the issue of competency had been determined. On the other hand, the Commonwealth asserts that a grand jury proceeding is not a "proceeding" subject to stay under RCr 8.06. We agree with the Commonwealth.

■ The interpretation of criminal procedural rules is a question of law rather than a question of fact. Therefore, we give no deference to the interpretation of the rule by the circuit court. *See Commonwealth v. Hillhaven Corp.*, Ky.App., 687 S.W.2d 545 (1984).

Yelder interprets the term "all proceedings" in RCr 8.06 as meaning all proceedings in the Court of Justice. This interpretation overlooks the fact that any proceeding before a grand jury is separate and distinct from any action occurring in the district court. In *Bowling v. Sinnette*, Ky., 666 S.W.2d 743 (1984), the Kentucky Supreme Court recognized that a grand jury "is a proceeding in a circuit court." *Id.* at 745. *See also Greenwell v. Commonwealth*, Ky., 317 S.W.2d 859, 861 (1958). However, this does not necessarily mean that a grand jury proceeding is a part of one continuous proceeding that began in the district court.

The district court has limited jurisdiction to act in criminal cases. KRS 24A.110 limits such jurisdiction. First, the statute gives the district court exclusive jurisdiction to make final disposition of all criminal matters *except* felonies or capital offenses and offenses punishable by death or imprisonment in the penitentiary. KRS 24A.110(1). Second, the district court has concurrent jurisdiction with the circuit court to hold preliminary hearings on felony or capital offenses or offenses which may be punishable by death or imprisonment in the penitentiary. KRS 24A.110(3). The district court may also commit a defendant charged with a felony or capital offense to jail or hold him to bail or other forms of pretrial release. *Id.* Finally, the district court may reduce a felony charge to a misdemeanor charge in accordance with the criminal rules. KRS 24A.110(4). In addition, the district court has further authority over felonies and capital offenses pursuant to RCr 3.02–3.22.

■ Nevertheless, the grand jury operates independently of the district court proceedings as illustrated in *King v. Venters*, Ky., 595 S.W.2d 714 (1980). In that case, the appellant sought an order of mandamus requiring the circuit judge to either dismiss two indictments or to grant him a "post-indictment preliminary hearing." This court denied the appellant relief, and the Kentucky Supreme Court affirmed. In doing so, the court first noted that the purpose of a preliminary hearing is to determine "whether there is sufficient evidence to justify detaining the defendant in jail or under bond until the grand jury has an opportunity to act on the charges." *Id.; see also Commonwealth v. Arnette*, Ky., 701 S.W.2d 407, 408 (1985). However, the court further noted that a grand jury is not bound to give any consideration to the showing made at the preliminary hearing. *Id.* Thus, a grand jury is free to issue an indictment even if the district court determined a lack of probable cause to support the charges or even if a preliminary hearing was not held. *See Waugh v. Commonwealth*, Ky.App., 605 S.W.2d 43 (1980), where this court held that "[a] finding of probable cause or a finding of no probable cause cannot be binding on a circuit court which may later try the case." *Id.* at 45. The latter instance is referred to as a "direct submission." In other words, a preliminary hearing "is not pre-

requisite to the consideration of a charge by the grand jury or to the validity of an indictment returned pursuant to a 'direct submission.'" *King,* 595 S.W.2d at 715.

■ Furthermore, until an indictment is issued in the circuit court, the district court may exercise jurisdiction in connection with felony charges. *See Commonwealth v. Karnes,* Ky., 657 S.W.2d 583 (1983). However, once an indictment is issued, the district court no longer has jurisdiction to dispose of the felony charge. *Commonwealth v. Hamblem,* Ky.App., 628 S.W.2d 345, 346 (1981). As the *Hamblem* court stated, "to allow the district court to retain jurisdiction of felony offenses after an indictment on the same offense ... could lead to an abuse of our two-tiered court system." *Id.*

■ RCr 1.04 states that "[t]he Rules of Criminal Procedure are intended to provide for a just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Within the spirit of that rule, and because proceedings before the district court are distinct and separate from proceedings before the circuit court, including grand jury proceedings, we conclude that the language of RCr 8.06 which states "all proceedings" refers to those proceedings pending before that specific court.

The order of the Jefferson Circuit Court is reversed, and this case is remanded for the reinstatement of the indictment.

ALL CONCUR.