RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1027-MR

MARCUS S. MINIX, SR.                                                    APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 18-CR-00195-001

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

ACREE, JUDGE: Appellant Marcus S. Minix, Sr., appeals his conviction from

Franklin Circuit Court. Finding no error, we affirm.

## BACKGROUND

Appellant Minix was an optician who owned a vision practice with

two locations in eastern Kentucky. The practice, Minix Eye Care, PSC, was

approved to participate with the Department of Medicaid Services, and contracted

with Dr. Thomas W. Watkins, an optometrist, who provided services at Minix Eye Care that the practice would then bill.

An investigation into Appellant's activities began when a third-party management company, Avēsis, LLC, received six fraud-hotline calls from patients reporting that they had received an explanation of benefits but had not recently received treatment from Appellant.

A report alleging fraud was sent to the Department of Medicaid Services. This prompted the Cabinet for Health and Family Services to investigate. It found a "cookie-cutter pattern" of billing "multiple codes, including glasses, over and over and over." (Video Record (VR) 3/11/2024 at 53:16). With access to Kentucky's Medicaid billing system, Appellant's office billed Kentucky Medical Assistance Program (KMAP) (through Avēsis) for services which were never actually performed for patients. Although Appellant and his then-wife, who worked for Appellant, dispute who performed most of the billing, this process resulted in large checks issued to Appellant and his then-wife.

Appellant was indicted in May 2018. He represented himself at his six-day trial after electing to relieve appointed counsel from representation following *voir dire*. At trial, the Commonwealth argued a theory of complicity and the jury was so instructed. After hearing from seventeen (17) witnesses who were affected by the fraudulent billing, the jury convicted Appellant on one count of

Theft by Unlawful Taking, $1,000 or more but less than $10,000 (Complicity) and one count of Devising or Engaging in a Scheme to Defraud the Kentucky Medical Assistance Program (Complicity). He now appeals as a matter of right.

## ANALYSIS

We may decline review of issues not properly preserved and for which Appellant has not requested palpable error review. In general, a trial court may not be reversed when an allegation of error was not properly preserved. *Gasaway v. Commonwealth*, 671 S.W.3d 298, 312 (Ky. 2023). This Court has discretion to review unpreserved errors for palpable error under RCr[1] 10.26, but where palpable error review is not specifically requested by Appellant, we will not engage in such review on appeal. *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008). Appellant did not request palpable error review. However, to provide an explanation to Appellant who continues to proceed without counsel, we will review his issues both preserved and unpreserved.

### I.     No procedural flaws warrant reversal.

Appellant argues that various procedural flaws—a defective indictment, improper venue, and denial of a preliminary hearing to establish probable cause—deprived him of a fair trial and therefore warrant reversal. These

---

[1] Kentucky Rules of Criminal Procedure.

arguments stem from a fundamental misunderstanding of criminal law and procedure.

First, Appellant makes a blanket statement that the indictment is defective because it does not "describe the offense, the time, and the place of commission as required by the High Court," citing *Castle v. Commonwealth*, 255 S.W. 151 (Ky. 1923). Appellant cites outdated law predating modern procedure. RCr 6.10 sets forth the necessary requirements for a valid indictment as follows:

> (1) The indictment . . . shall contain a caption setting forth the name of the court and the names of the parties, and the caption shall be a part of the indictment . . . .
>
> (2) The indictment . . . shall contain, and shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged. It need not contain any other matter not necessary to such statement, nor need it negative any exception, excuse or proviso contained in any statute creating or defining the offense charged.

The indictment here complied with RCr 6.10 and *Castle*. Count One provides:

> From on or about the 10th day of June, 2015, through on or about the 2nd day of August, 2016, in Franklin County, Kentucky, the above-named defendant[], Marcus S. Minix . . . committed the offense of Theft by Unlawful Taking when [he] took $10,000 or more from the Kentucky Medical Assistance Program with the intent to deprive the Kentucky Medical Assistance Program of such property.

(Record (R.) at 2). Similar information was provided for Count Two:

-4-

> That on or about the 10th of June, 2015, through on or about the 2nd day of August, 2016, in Franklin County, Kentucky, the above-named defendant, Marcus S. Minix . . . committed the offense of Devising or Engaging in a Scheme to Defraud the Kentucky Medical Assistance Program of $300 or More . . . .

(*Id.*)  It is unclear why Appellant claims the indictment is defective, but this Court has no basis for finding any defect.

Next, Appellant argues venue was improper.  In general, "the venue of criminal prosecutions and penal actions is in the county or city in which the offense was committed."  KRS[2] 452.510.  "Where an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs."  KRS 452.550.

Appellant's business was owned and operated in Johnson and Floyd Counties.  He claims all "Medicaid transactions were managed electronically by Avēsis in Owings Mills, Maryland, not in Kentucky."  (Appellant's Br. at 13).  Based on these facts, he claims proper venue was Maryland and not Franklin County, Kentucky.  Not so.

Appellant's offenses were also committed in Franklin County because the fraudulent claims were submitted to KMAP.  KMAP is "solely located" in

---

[2] Kentucky Revised Statutes.

Franklin County.  (VR 3/14/2024 at 20:15).  We reject this argument because the victim of his fraud was KMAP and, therefore, Appellant's fraudulent activity was effectuated in Franklin County.

Finally, Appellant claims the "direct submission" of the case to the grand jury stripped him of due process because it "skipp[ed]" the "entire Kentucky Court of Justice and the Kentucky Rules of Criminal Procedure."  (Reply Br. at 1).  He claims the grand jury process deprived him of "the opportunity to challenge the evidence presented against him before indictment." (Appellant's Br. at 12).  But "when an indictment results from direct submission of evidence to a grand jury, there is no cause for or right to an examining trial and the failure to conduct an examining trial is not error."  *Caine v. Commonwealth*, 491 S.W.2d 824, 829 (Ky. 1973) (citation omitted).  Under such circumstances as these, no preliminary hearing or other probable cause inquiry is required before a grand jury considers the charges.  *King v. Venters*, 595 S.W.2d 714, 715 (Ky. 1980).  An indictment is not required to be founded on probable cause.  *Id*.  There is no procedural flaw here and Appellant's arguments are unfounded.

## II.     Minix cannot shield himself from liability for fraud based on the licensure of his colleague.

Appellant makes various arguments purporting to shield himself from liability based on his contract employee's, Dr. Watkins's, obligation or the lack thereof as an optometrist.  He claims that as an optician, he did not have the

obligation to disclose medical records related to services rendered by a contract employee. Claims based on Minix's duties stand on grounds independently from any owed by Dr. Watkins. Arguments premised on his duties are meritless.

Appellant was indicted and convicted under two statutes: KRS 514.030 and KRS 205.8463. The first statute, KRS 514.030, prohibits theft by unlawful taking when one "[o]btains immovable property of another or any interest therein with intent to benefit himself or herself or another not entitled thereto." Evidence presented at trial established that some patients were unable to receive medical care because Medicaid had already been billed for services allegedly rendered on their behalf, despite those services never actually having been performed. This is sufficient to support Appellant's conviction. Appellant's attempt to argue it was Dr. Watkins' responsibility to refund overpayment for the payments Appellant caused to be made to Appellant is not grounded in law.

Second, KRS 205.8463(1) prevents any "person" from devising a scheme to "obtain[] payments from any medical assistance program under this chapter by means of any fictitious, false, or fraudulent application, claim, report, or document submitted to the Cabinet for Health and Family Services[.]" Appellant, like any person, is subject to the provision. The provision does not provide only a "licensed optometrist" is prohibited from committing medical assistance program fraud. An individual need not be of a certain licensure status, nor must he enjoy

the ability to treat patients to be subject to the provision forbidding fraud. It is accordingly irrelevant that Appellant was not the physical provider treating patients; conviction under this statute is proper since Appellant is the person the jury found to have obtained payments from KMAP by means of false claims.

### III. It was within the trial court's discretion to relieve appointed counsel from representation.

Appellant was appointed counsel from the Department of Public Advocacy (DPA) to represent him at his arraignment in June 2018, thus fulfilling his right "to have the assistance of counsel for his defense." U.S. CONST. SIXTH AMEND. In March 2022, Appellant informed the trial court that he wished to hire private counsel. Appointed counsel was permitted to withdraw, and Appellant was given thirty days to hire counsel. Less than twenty days later, Appellant elected to proceed *pro se*. Following a *Faretta*[3] hearing, the court found his waiver of right to counsel was "knowing, intelligent, and voluntary" and issued an order allowing him to proceed *pro se* during the pre-trial stage, but providing that the court would appoint a DPA attorney if the matter went to trial.

As ordered, Appellant was appointed counsel prior to trial. His appointed counsel represented him through the jury selection process and helped him select his jury. After the jury was selected, however, counsel asked to be

---

[3] *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

relieved of the representation because Appellant had not prepared for trial with him. (VR 03/11/2024 at 06:48). It was within the trial court's discretion to grant such a request. *See Soto v. Commonwealth*, 139 S.W.3d 827 (Ky. 2004).

Appellant did not object nor raise any concerns about counsel's withdrawal. In fact, it appears from the record that Appellant had expressed his desire to represent himself at the beginning of trial and prior to a bench conference between Appellant, appointed counsel, and a representative of the Commonwealth. During that conference, the court put on the record that Appellant wanted to represent himself and the court would release counsel after opening statements. (VR 3/11/2024 at 07:55). He did not object. Rather, Appellant stated, "He's done an excellent job, I appreciate him very much." (VR 3/11/2024 at 07:15).

It seems clear from the record there was an understanding Appellant simply wanted to represent himself. It was not until June 14, 2024—months after his conviction—that he raised the issue regarding counsel. To characterize counsel's unobjected withdrawal as a "disappearance" is simply incorrect and reversal is not warranted on this ground.

The order of the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marcus S. Minix, Sr., *pro se*
Ashland, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jacob M. Abrahamson
Assistant Attorney General
Frankfort, Kentucky