Michael Allen WAUGH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 29, 1980.

Thomas F. Towles, Lexington, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, John F. Zink, Asst. Attys. Gen., Frankfort, for appellee.

Before BREETZ, HOWERTON and WHITE, JJ.

HOWERTON, Judge.

Waugh appeals his conviction and two–year sentence for possession of morphine. He presents two allegations of error.

1. The court erred in overruling his motion to dismiss the indictment on the ground that the district court's determination of no probable cause for his search and arrest was res judicata, and in overruling his objection to the relitigation of the issue of the lawfulness of the arrest.

2. The court erred in overruling his motion to suppress the evidence seized incident to the arrest.

Waugh was arrested in the Fayette Mall at approximately 9:30 p. m. on December 26, 1978. At 8:00 p. m., a Lexington detective received an anonymous phone call. The caller first asked whether the officer knew Waugh, which he did because of previous arrests on drug–related charges. The caller then informed the detective that Waugh had just left her presence and that he would be at the Mall in a certain location at nine o'clock. The detective went to the Mall and was joined by another officer.

Waugh arrived at the Mall a few minutes after nine o'clock. He went into a store and made a phone call. The two officers stationed themselves at opposite ends of the hallway outside the store. When Waugh returned to the hallway he met an acquaintance and as they began to walk, Waugh observed the officer and the two immediately turned to walk in the other direction only to find the other officer approaching them.

The officers stopped Waugh and conducted an involuntary search. They found in his pocket a stapled package which contained twenty morphine tablets. Waugh was then placed under arrest and charged with trafficking in a Schedule II narcotic.

An examining trial was held in the Fayette District Court on May 2, 1979. The case was dismissed because the Commonwealth did not substantiate the reliability of the anonymous phone caller, and because at the time of the search the facts supported nothing more than mere suspicion. The district court cited *Roberson v. Commonwealth*, Ky., 490 S.W.2d 733 (1973), which held that probable cause is established when the known reliability of an informant is coupled with confirmation of substantial parts of the information furnished to the police prior to an arrest. The court concluded that the necessary probable cause did not exist to allow the search and seizure and that the evidence seized by the unlawful search should be suppressed.

The Fayette County grand jury nevertheless indicted Waugh for trafficking in a Schedule II narcotic. Waugh's motion to dismiss the action on the grounds that the decision of the district court was res judicata was overruled by the circuit court. Waugh also moved to prevent relitigation, and even sought a writ of prohibition from the Court of Appeals. The writ was denied.

At trial, Waugh moved to suppress the evidence seized at the time of his arrest. The Fayette Circuit Court concluded that the anonymous call was adequately corroborated and that the officers had probable cause to make the arrest and search. At the conclusion of the trial, the court found insufficient evidence to sustain a verdict of trafficking in a controlled substance, and it instructed only on the offense of possession.

■ The first allegation of error presents little problem for this Court, and we conclude that the ruling of the district court was not binding in any way on the circuit court. KRS 24A.110 gives no jurisdiction for final disposition of felony cases to the district courts. Such is reserved to the circuit courts. Subsection (3) does grant the district court concurrent jurisdiction with the circuit court to examine any charge to determine whether there is sufficient evidence to hold the accused and commit him to jail or to permit bail or other form of pretrial release. It was in this capacity that the district court conducted its hearing.

If we accepted Waugh's argument, we would be allowing a district court to make a final disposition of a felony charge. A finding of probable cause or a finding of no probable cause cannot be binding on a circuit court which may later try the case. As a practical matter, the evidence presented in the district court for the mere purpose of deciding whether to hold or release the accused may be different from the total evidence finally presented at his trial. It is a common practice for prosecutors to present only minimal evidence at the time of a preliminary hearing.

■ Waugh's second allegation of error is the one that is troublesome and the one we find to be reversible. The search was not based upon reasonable grounds or probable cause, and the illegally obtained evidence should have been suppressed.

The Commonwealth argues that the sufficiency of probable cause for a search and an arrest without a warrant may be based upon information received through an informant so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge. *Jones v. U. S.*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The Commonwealth also contends that the fact that the information is from an undisclosed informant should present no problem. In *U. S. v. Lopez–Ortiz*, 492 F.2d 109 (5th Cir. 1974), it was held that probable cause may rest entirely on information from a reliable informer, or it may be based on a combination of the informer's information, itself insufficient, and facts generated by independent police investigation.

The Commonwealth's argument accurately states the law, but the facts in this case are distinguishable. The officer had no way of knowing the reliability of the informant, and he learned only two things from the call. First, that Waugh had immediately left the caller's presence, and secondly that he was to be at the Mall at nine o'clock. This information was corroborated to the extent that Waugh came to the Mall at around nine o'clock. The officer could only infer from the limited information that Waugh was coming to the Mall to traffic in illegal drugs, and that conclusion was based upon the officer's knowledge of Waugh's history. Prior to discovering the drugs through the search, the officer had observed nothing that could do more than arouse his suspicion. If Waugh had in fact disposed of the drugs, there would have been no basis for any arrest.

The detective properly responded to the call by going to the Mall to investigate. He could not have obtained a warrant on the basis of the call, even coupled with his knowledge of Waugh. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Roberson, supra*. If probable cause was ever to exist to support an arrest or a search, it would have to be based on the officers' observations. They saw Waugh at a time when the Mall was open to the general public. The phone call he made could have been for any purpose. Also, the mere turning to proceed in a new direction when Waugh saw the police officer was not sufficient to constitute flight or furtive action in this situation.

■ There is no way the search may be justified as a search for the protection of the officers according to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The detective's testimony indicated no fear of Waugh or any belief that he may have been armed. The evidence seized in no way resembled a weapon, and the envelope containing the tablets would not have been

discovered through a mere pat–down search or frisk. *See* also *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

Many cases have held that a personal search is unlawful when made without a warrant and prior to arrest, particularly when made only on suspicion or in the hope of discovering evidence to justify an arrest. The recent case of *State v. Aguillard*, La., 357 So.2d 535 (1978), held that a warrant-less search and seizure of cocaine from the pocket of a defendant was unlawful where the officer admitted that the packets did not feel like a dangerous weapon and where the officer did not decide to arrest the defendant until he had first searched him and found the contraband. It was held that the search was not incident to an arrest, but that it was the basis for the arrest.

We must agree with the finding of the district judge and conclude that the search conducted incident to the detention was un-lawful, and the evidence discovered as a result of the search should have been sup-pressed. The judgment of the circuit court is therefore reversed.

All concur.