Charles HASH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–0491–MR.

Court of Appeals of Kentucky.

May 27, 1994.

Discretionary Review Denied by Supreme Court Oct. 19, 1994.

Kathleen Kallaher, Pike & Schmidt Law Office, P.S.C., Shepherdsville, for appellant.

Chris Gorman, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, JOHNSON and McDONALD, JJ.

McDONALD, Judge.

In the early morning hours of January 19, 1992, the appellant, Charles Hash, was operating his vehicle inappropriately in Knox County, Kentucky. Hash, who was driving under the influence of alcohol, nearly struck two Kentucky State Police vehicles and a chase ensued southbound on I–75. After Hash entered Tennessee, he continued to exhibit improper driving etiquette by operating his vehicle in a southerly direction in the northbound lane of I–75 at high rates of speed. Hash was ultimately apprehended by Tennessee troopers and charged with several crimes including the following: felony reckless endangerment, driving under the influence, failure to yield to emergency equipment, speeding (110 m.p.h. in a 65 m.p.h. zone), improper turn and driving on the wrong side of the road. He pled guilty to the reckless endangerment and the DUI charges, and received a sentence of 11 months, 29 days on each, to be served consecutively.

On June 12, 1992, Hash was indicted on several crimes including two counts of wanton endangerment (KRS 508.060), driving under the influence (KRS 189A.010), reckless driving (KRS 189.290), and resisting arrest (KRS 520.090). All the charges were dismissed with the exception of the two counts of wanton endangerment. Hash tried to convince the trial court that the Commonwealth was barred from prosecuting him on·these two charges by the protections offered under the constitutional prohibition against double jeopardy. Being unsuccessful·in this regard, Hash entered a plea of guilty on November 19, 1992, conditioned on his right to appeal the trial court's denial of his motion to dismiss. He was sentenced on December 4, 1992, to a term of imprisonment of 1½·years on each count to run concurrently both with one another and with the sentences Hash is serving in Tennessee.

In his appeal Hash argues that his prosecution in Kentucky for the same conduct for which he was convicted in Tennessee violates KRS 505.050. This statute provides in pertinent part as follows:

**505.050. Effect of former prosecution in another jurisdiction.—**
When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state, a prosecution in such other jurisdiction is a bar to subsequent prosecution in this state under the following circumstances:

(1) The former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or a determination that there was insufficient evidence to warrant a conviction, and the subsequent prosecution·is for an offense involving the same conduct unless:

(a) Each prosecution requires proof of a fact not required in the other prosecution; or

(b) The offense involved in the subsequent prosecution was not consummated when the former prosecution began; or

(2) The former prosecution was terminated in a final order or judgment which has not subsequently been set aside and which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution. (Enact. Acts 1974, ch. 406, § 47.)

We find ourselves in complete agreement with the Commonwealth that this statute has no applicability to the instant case. KRS 505.060 provides that KRS 505.050 is not a bar to prosecution in the two following situations:

[The former prosecution] (1) was procured by the defendant without the knowledge of the proper prosecuting officer and with the purpose of avoiding the sentence which otherwise might be imposed; or

(2) Was before a court which lacked jurisdiction over the defendant or the offense.

We are cognizant that the Tennessee arrest warrant and complaint states that the affiant, a Tennessee trooper, was notified that Kentucky troopers were in pursuit of Hash and that he had struck a Kentucky State Police vehicle. However, there is no

further evidence that Hash was prosecuted in the state of Tennessee for his conduct in Kentucky; and if he was, the Tennessee court lacked jurisdiction over the offenses. *See* KRS 500.060. The two crimes of wanton endangerment in Kentucky were completed in Kentucky against two Kentucky victims before Hash ever entered Tennessee.

The appellant's reliance on *Smith v. Lowe,* Ky., 792 S.W.2d 371 (1990), is misplaced. In *Smith* our highest court held that the Commonwealth was prohibited from prosecuting the defendant on charges of murder when he had been tried and acquitted in federal court on charges that he committed offenses against the United States, specifically damaging motor vehicles used in interstate commerce. The indictment alleged that the crime resulted in the death of Hayes West. *Id.,* p. 372. Although death of a victim is not an element of the offense charged, it could be used to enhance the penalty. *Id.,* p. 373. Both the indictment and instructions to the jury contained the element that the defendant's conduct resulted in the death of West. *Id.*

In the instant case the charging instrument was not a grand jury indictment, but a document entitled "Affidavit of Complaint and Arrest Warrant Summons." The fact that the officer/affiant gave some background information as to why Tennessee officers were in pursuit of Hash does not require the conclusion that Hash was tried in Tennessee for the Kentucky crimes. Hash waived his right in Tennessee to be tried only upon indictment and the right to a jury trial. As far as we can tell from the documents relied upon by the appellant, he pled guilty to two crimes in Tennessee for criminal conduct that took place solely in Tennessee. Neither the holding in *Smith v. Lowe, supra,* nor KRS 505.050 has any application in this case that we can surmise.

■ Next Hash argues that both prosecutions "were the result of a single impulse and single course of conduct" and that "[b]oth states relied on essentially the same facts in charging appellant with the same offense in each state." Relying on *Ingram v. Commonwealth,* Ky., 801 S.W.2d 321 (1990), appellant claims the Commonwealth is barred from prosecuting Hash for what is a factually single offense or act. The fallacy of this argu-

ment is that wanton endangerment is not susceptible to the single impulse or act analysis. This was made clear in *Hennemeyer v. Commonwealth,* Ky., 580 S.W.2d 211, 215 (1979):

> We have no difficulty in arriving at the conclusion that [the wanton endangerment statute] was designed to protect each and every person from each act coming within the definition of the statute. It is not a statute designed to punish a continuous course of conduct.

In *Hennemeyer* it was determined that the defendant's firing six shots at two police officers constituted six individual offenses of wanton endangerment, not one continuing course of conduct. Simply that Hash started driving recklessly in Kentucky and continued on, putting several other drivers at risk in two states, does not require the conclusion that Hash suggests that he committed but one crime.

Accordingly, the judgment of the Knox Circuit Court is affirmed.

All concur.