**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Claude A. TABER, Appellee.**

**No. 95–SC–591–DG.**

Supreme Court of Kentucky.

Jan. 30, 1997.

Rehearing Denied April 24, 1997.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Office of the Attorney General, Frankfort, for appellant.

Jill Hall Rose, Lexington, for appellee.

STUMBO, Justice.

The Commonwealth appeals a decision of the Court of Appeals reversing the conviction of Appellee, Claude A. Taber, and ordering the trial court to dismiss Appellee's indictment.

In December of 1991, police arrested Appellee in connection with a commercial burglary in Georgetown. A Scott County grand jury returned a nine-count indictment against him on February 3, 1992, and the Scott Circuit Court scheduled his trial for April of that year. Appellee, however, requested and received a continuance to undergo a mental evaluation, and the court rescheduled his trial for September of 1992. When the September trial date arrived, the court, on its own motion, postponed Appellee's trial until November 6 due to a conflict with another trial. On October 1, 1992, Appellee, who had been incarcerated since his December 1991 arrest, asserted his right to a speedy trial and moved to dismiss the indictment. At a hearing a few days later, the court refused to dismiss the charges but indicated it might reconsider that decision if the case were not tried in November. Shortly before the November trial date, the Commonwealth requested a continuance, citing the unavailability of three material witnesses. Following a hearing on the matter, during which Appellee reasserted his right to a speedy trial, the trial court entered the following written order:

> Upon motion of the Commonwealth for a postponement of the November 6, 1992, trial date and the Defendant having objected to said postponement on grounds that it would violate his constitutional right to a speedy trial:

> IT IS HEREBY ORDERED that Indictment No. 92–CR–016 against Claude A. Taber be dismissed.

The Commonwealth did not appeal the dismissal and Appellee was released from jail. After the Commonwealth located its missing witnesses, a grand jury reindicted Appellee on the same charges on January 4, 1993. He moved to dismiss the second indictment, arguing that the prior order barred further proceedings on the issue; this time, however, the trial court refused to dismiss the indictment. Reserving his right to appeal on the indictment/speedy trial issue, Appellee then entered a conditional plea of guilty to third-degree burglary, third-degree criminal mischief, felony theft by unlawful taking and five counts of possession of a forged instrument in the second-degree. The court accepted the plea and sentenced Appellee to eight years in prison. The Court of Appeals reversed, holding in a well-documented opinion that once there has been a final determination that a defendant has been denied his constitutional right to a speedy trial, he may not be reindicted on the same charges. Accordingly, the Court of Appeals ordered that the second indictment be dismissed. We granted discretionary review and now affirm.

While the parties have debated whether, under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), Appellee's constitutional right to a speedy trial was in fact violated, we agree with the Court of Appeals that the only real issue in this case concerns the impact of the first written order of dismissal. However, since we find that Appellee's reindictment was precluded by our decision in *Commonwealth v. Hicks*, Ky., 869 S.W.2d 35 (1994), we need not reach the issue which the Court of Appeals deemed decisive.

*Hicks* involved an individual arrested for suspicion of driving under the influence. When the Commonwealth requested a continuance on the day of trial, the trial judge, frustrated by the failure of certain prosecution witnesses to appear, dismissed the action. In so doing, the court entered a written order that simply said that "[t]he Commonwealth's motion to continue is overruled and the defense motion to dismiss is sustained." *Hicks, supra* at 36. The Commonwealth failed to appeal the ruling and instead refiled the same charges

against the defendant. The defendant then moved to dismiss the action on double jeopardy grounds. After the circuit court declined to dismiss the charges, the defendant brought an action for prohibition, which the circuit court also denied. *Id.* at 36–37.

After the Court of Appeals reversed, we granted discretionary review and affirmed the reversal. In so doing, this Court concentrated not on Hicks' double jeopardy claim, but instead on CR 41.02, which governs involuntary dismissals for a failure to prosecute or to comply with an order of the court. That rule provides, in pertinent part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule ... operates as an adjudication on the merits." CR 41.02(3). As a result, we held that when the trial court dismissed the action in *Hicks* without including language such as "without prejudice" or "with leave to refile," the dismissal effected an adjudication on the merits and barred subsequent proceedings. *Id.* at 38.

■ The facts in the instant case are nearly identical to those in *Hicks*. After the Commonwealth requested a continuance despite the trial court's stated desire to have the case resolved, Appellee, who had previously raised the speedy trial issue, requested and received a dismissal. In its written order, the trial court failed to specify that the dismissal of Appellee's indictment was without prejudice. Nothing in the written order in this case evidences an intent to allow the Commonwealth to refile the charges against Appellee. As in *Hicks*, the Commonwealth points to oral statements made by the trial court that ostensibly indicate otherwise. Those statements, however, cannot be considered here. When there is an inconsistency between oral statements of a court and an order reduced to writing, the latter must prevail. Assuming for the sake of argument that the statements are inconsistent, if they could be used to, in effect, impeach the trial court's written order, "the result would be the destruction of any certainty as to the effect of judgments and a state of chaos in judicial proceedings." *Id.*

Accordingly, under CR 41.02 and our decision in *Hicks*, we must assume that the trial court intended to dismiss the charges with prejudice. As this Court noted in *Hicks*, "one who wishes to preserve the viability of a dismissed claim should see that the proper notation is affixed by the trial court or seek appellate relief." *Id.* Because the Commonwealth did neither, it may not now complain of the trial court's action. Therefore, for the reasons set forth above, we affirm the decision of the Court of Appeals.

STEPHENS, C.J., and COOPER, JOHNSTONE and LAMBERT, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion, in which GRAVES, J., joins.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because this decision produces an absurd result. The speedy trial claim as a matter of law lacks merit under all the standards set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The application of *Commonwealth v. Hicks*, Ky., 869 S.W.2d 35 (1994), will certainly come as a surprise to counsel because neither side considered *Hicks, supra*, in its briefs or oral presentations to this Court. The defendant will undoubtedly be smiling because he has received more relief than he could possibly imagine.

In his dissent in *Hicks, supra*, Justice Spain notes that the language of the rule itself begins by excepting from its effect a dismissal not intended by the court to operate as a final adjudication on the merits. I believe we have such a situation here.

My review of the record indicates that there is no clear and unambiguous ruling by the trial judge on the denial of a speedy trial claim. It would appear more sound to interpret the record to the effect that the trial judge actually passed on the issue.

The first postponement of trial was at the defendant's request. The second postponement was caused by a conflict in the trial calendar of the court. The third postponement was as a result of an unavailability of witnesses. These delays were not caused by

the prosecution. One of the continuances was at the request of the defendant. Consequently, the reasons justifying the delay support a denial of a speedy trial motion pursuant to *Barker*.

A review of the facts is helpful. In December of 1991, Taber and an associate broke a window of a building occupied by a business. Once inside, they took money, flashlights, blank checks and a .9 mm. pistol. The pair later forged and cashed several of the checks. Taber was indicted on February 3, 1992 on nine charges: first-degree burglary, felony theft by unlawful taking, five counts of criminal possession of a forged instrument in the second degree, third-degree criminal mischief and first-degree PFO, based on two prior burglary convictions.

On April 3, 1992, Taber obtained a continuance to undergo a mental evaluation, claiming that he was influenced by drugs and had no recollection of the crime. The trial date was set for April 20 and continued to September 22, 1992. The September date was again continued to November 6 due to a scheduling conflict with a murder case. On October 1, Taber moved to dismiss the indictment claiming a speedy trial violation. This motion was denied and a trial date of November 6 was set. On November 2, the prosecutor sought a continuance because material witnesses could not be present. The investigating officers were scheduled to be out of the state and the codefendant had absconded from probation. The trial judge dismissed the indictment.

The facts indicate that the missing prosecution witnesses were located and on January 4, 1993, the grand jury reindicted the defendant on the same charges. On February 22, 1993, the defendant moved to dismiss these charges on the basis of a violation of speedy trial provisions. The trial judge denied the motion. Thereafter, the defendant entered into an agreement for a conditional guilty plea pursuant to RCr 8.09 with the prosecution to change his plea to guilty in exchange for the dismissal of the persistent felony offender charge, amendment of the burglary charge from first to third degree and recommended sentencing totalling eight

years with the prosecution taking no position on probation. The trial court accepted such a plea.

The defendant has never argued any prejudice from the trial delays. The hypertechnical approach used by the majority produces a bizarre result which reverses the conviction and dismisses the indictment so as to release the defendant.

GRAVES, J., joins this dissent.