**COMMONWEALTH of Kentucky, Real Party in Interest,**

**and**

**James Shake, Judge, Jefferson Circuit Court, Appellant,**

v.

**Stephen STEPHENSON, Appellee.**

**No. 2001–SC–0447–MR.**

Supreme Court of Kentucky.

Aug. 22, 2002.

A.B. Chandler, III, Attorney General, Claudia Ann Smith, Louisville, for Real Party in Interest.

James M. Shake, Judge, Jefferson Circuit Court, Hall of Justice, Louisville, for Appellant.

Kenneth J. Bader, Louisville, for Appellee.

KELLER, Justice.

## I. INTRODUCTION

In September of 1999, the Jefferson County Grand Jury returned an indictment against Appellee, Stephen Stephenson (hereinafter "Stephenson"), charging him with three (3) offenses: (1) First Degree Fleeing or Evading Police[1] (a Class D felony); (2) Fourth Offense Operating A Motor Vehicle Under the Influence of Intoxicants[2] (hereinafter "Fourth Offense DUI") (a Class D felony); and (3) First–Offense Operating a Motor Vehicle While License is Revoked or Suspended for Driving Under the Influence (a Class B misdemeanor).[3] Stephenson brought an original proceeding in the Court of Appeals under CR 76.36 seeking a writ prohibiting "the Honorable James Shake, Judge and the Commonwealth of Kentucky from proceeding with any further prosecution of the Petitioner for the [indicted] charges...." In May 2001, the Court of Appeals entered an order granting Stephenson partial relief and prohibiting the trial court "from trying [Stephenson] on the charge of Driving Under the Influence" but denying "relief as it relates to the other charges pending against petitioner." The Commonwealth appealed to this Court. After a review of the briefs and the record before us, we reverse the court below and remand this case to the Court of Appeals for entry of an order denying Stephenson's petition for a writ of prohibition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The indictment against Stephenson arose from actions allegedly committed by Stephenson on April 17, 1999. The pertinent facts as alleged by the Commonwealth are that: (1) police observed Stephenson driving at a high rate of speed in Jefferson County, Kentucky; (2) Stephenson refused to yield when the police engaged their lights and siren and requested that he stop his vehicle; (3) Stephenson fled into Floyd County, Indiana where Stephenson's vehicle was stopped by a combination of New Albany and Jefferson County police officers; and (4) Stephenson appeared to be under the influence of alcohol—a suspicion confirmed by a preliminary breath test (PBT).

The New Albany officers arrested Stephenson and charged him with violations of Indiana law. Because this case comes to us as an appeal from an original action in the Court of Appeals, the nature of the charges brought against Stephenson by the State of Indiana is not entirely clear. In fact, the only "evidence" in the record before us concerning Stephenson's prosecution in Indiana is a document attached as an exhibit to his petition in the Court of Appeals. The exhibit, titled "Plea Agreement," reflects the agreement reached between Stephenson and the State of Indiana in Floyd County Court Cause No. 22501–9904–DF–533 regarding the terms of his guilty plea to the charge of "OWI 'D' Felony."[4] The plea agreement, which was

---

1. KRS 520.095.

2. KRS 189A.010.

3. KRS 189A.090.

4. We assume, on the basis of this limited record, that Stephenson was convicted in Indiana of an earlier version of Operation of Vehicle While Intoxicated in violation of IND. CODE ANN. § 9–30–5–2 (2001), subject to the subsequent offense enhancement provisions

signed on April 23, 1999 by the prosecuting attorney, Stephenson's counsel, and the Judge of the Floyd County Court, reflects that:

> Defendant to be assessed a fine of $ __/__, plus Court costs of $125.00, IF THE OFFENSE INVOLVED THE USE OF A MOTOR VEHICLE A .50 CHARGE WILL BE ADDED TO THE COURT COSTS. Fine is due by __90 days__. Defendant to be sentenced to __1095__ days in the FCJ/IDOC, __730__ days of said sentence to be suspended, __[illegible, but strangely enough, not 365]__ to serve, with good time credit for __6__ days already served. IF PLEA IS TO DRIVING WHILE INTOXICATED OR OPERATING AT A .10, Defendant must pay $200.00 cash into the Clerk of the Floyd County Court. Defendant to be placed on probation for __2__ months/(year). With the following terms and conditions: Defendant to serve 3 months actual and 3 months inpatient treatment, to be monitored through probation.

Other terms of probation indicated on the Plea Agreement were indicated by check marks next to "Supervised;" "Complete the Court's Substance Abuse Program and pay fee;" "Perform __40__ hours of Community Service and pay fee;" "Good Behavior—no criminal arrest." The agreement also provided that "Dismiss Count II, Count III and Count [illegible]. See Sister Mary for monitoring of Community Service, AA meetings and vocational guidance.[5] State does not object to transfer of probation to Ky upon proof of acceptance."

The plea agreement also provided that Stephenson's license was to be suspended for a period of two (2) years.

The parties agree that, pursuant to this plea agreement, Stephenson served three (3) months in the Floyd County, Indiana jail and then three (3) more months in inpatient treatment at the Talbott House in Louisville, Kentucky under the supervision of Kentucky probation authorities.[6] The Kentucky Transportation Cabinet suspended Stephenson's Kentucky driver's license in the wake of Stephenson's Indiana drunk driving conviction.

The Commonwealth of Kentucky also filed criminal charges—including a charge of Driving Under the Influence in violation of KRS 189A.010—against Stephenson. In August 1999, with the agreement of the prosecuting attorney from the Office of the Jefferson County Attorney, the Jefferson District Court dismissed the charges and noted on the docket sheet "Duplicate Charges Prosecuted in New Albany." The Office of the Jefferson County Commonwealth's Attorney then sought a direct indictment against Stephenson from the Jefferson County Grand Jury, and, in September 1999, the grand jury returned the three (3) count indictment described above.

Stephenson asked the Jefferson Circuit Court to dismiss the indictment on the grounds that his prosecution in Jefferson County for the indicted charges was barred by principles of double jeopardy because: (1) the State of Indiana had previously prosecuted him for the same conduct; (2) Kentucky had previously

---

of an earlier version of IND. CODE ANN. § 9–30–5–3 (2001).

**5.** However, a separately initialed and dated notation on the document reflects that "All parties agree to waive reporting to Alternative Sentencing. AA & Com. Serv. to be monitored by probation."

**6.** It is not clear from the record before us whether Stephenson's inpatient stay was monitored by Probation and Parole employees working for the Kentucky Department of Corrections.

punished him for the same conduct by assisting with the Indiana prosecution, supervising his probation, and suspending his driving privileges, and (3) the Jefferson District Court's dismissal of the charges operated as a final adjudication that barred his subsequent indictment and prosecution. The trial court denied Stephenson's motion to dismiss, and Stephenson sought relief in the Court of Appeals. On May 9, 2001, the Court of Appeals entered an order granting Stephenson partial relief:

> Having considered petitioner's petition for writ of prohibition, the response of the real party in interest, and being otherwise sufficiently advised, this Court ORDERS that this petition be, and it is hereby, GRANTED to the extent that Respondent is PROHIBITED only from trying appellant [sic] on the charge of Driving Under the Influence.
>
> This Court DENIES relief as it relates to the other charges pending against petitioner.

From this order, the Commonwealth appeals to this Court.

## III. ANALYSIS

### A. WRITS OF PROHIBITION

 Extraordinary relief in the form of a writ of prohibition is normally available only upon a showing that the petitioner has no adequate remedy by appeal and: (1) the lower court is proceeding or about to proceed outside of its jurisdiction; or (2) the lower court is about to act incorrectly, although within its jurisdiction, and great

injustice and irreparable injury will result from the trial court's imminent erroneous actions.[7] However, in cases where the petitioner claims that the trial court is permitting a prosecution to proceed that is barred by principles of double jeopardy, we have held that the court considering the petition may, in its discretion, grant relief even though the defendant may have an adequate remedy by appeal.[8] Here, we perceive no abuse of discretion by the Court of Appeals in its decision to review the merits of Stephenson's petition. However, upon our review of the questions of law[9] relevant to this appeal—i.e., whether constitutional or statutory double jeopardy protections or principles of collateral estoppel or res judicata prevent the Commonwealth from prosecuting Stephenson for DUI, we find that the Court of Appeals erred when it granted Stephenson relief. In Parts III(B)-(D) below, we address Stephenson's arguments to the Court of Appeals, and conclude that none of his asserted bases support the relief granted.

### B. FORMER INDIANA PROSECUTION

 Stephenson argued to the Court of Appeals that the Commonwealth could not prosecute him under the Jefferson County indictment because he has already been convicted, and punished, for the same conduct by the State of Indiana. We consider this argument in connection with the constitutional and statutory double jeopardy protections, and conclude that Stephenson's Indiana DUI conviction does not con-

---

7. *Kentucky Labor Cabinet v. Graham*, Ky., 43 S.W.3d 247, 251 (2001).

8. *St. Clair v. Roark*, Ky., 10 S.W.3d 482, 485 (2000) ("The court in which the petition is filed may, in its discretion, address the merits of the issue within the context of the petition for the writ, or may decline to do so on grounds that there is an adequate remedy by

appeal. Neither approach is mandatory....").

9. *See Kentucky Labor Cabinet v. Graham, supra* note 7 at 251 ("As the issues on this appeal are to be decided as a matter of law, our review of the Court of Appeals decision is not confined to an abuse of discretion inquiry.").

stitute a double jeopardy bar to his prosecution in Kentucky because Stephenson's initial premise is incorrect—the Commonwealth does not seek to punish Stephenson for the *same conduct* for which Indiana punished him.

Count Two of the indictment returned by the Jefferson County Grand Jury reads:

That on or about the 17th day of April, 1999, in Jefferson County, Kentucky, the above named defendant, Stephen Stephenson, committed the offense of Operating a Motor Vehicle Under the Influence of Intoxicants Fourth Offense by operating a motor vehicle *in the Commonwealth of Kentucky* while

(a) the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;

OR

(b) under the influence of alcohol;

OR

(c) under the influence of any substance or combination of substances which impairs one's driving ability;

OR

(d) under the combined influence of alcohol and any other substance which impairs one's driving ability,

after having committed that offense three times within the previous five years. (Emphasis added)

KRS 189A.010 states that "[a] person shall not operate or be in physical control of a motor vehicle *anywhere in this state* " [10] while under the influence of alcohol and/or other impairing substances as further defined in the statute. Thus, here, the Commonwealth only seeks to prosecute Ste-

phenson for his criminal conduct within the Commonwealth of Kentucky.

■ In any event, however, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution offers Stephenson no refuge. As the United States Supreme Court held in *Heath v. Alabama*,[11] the United States Constitution does not prohibit successive prosecutions for the same conduct by two (2) or more states or jurisdictions because each jurisdiction, as an independent sovereign, has the power to enforce its own criminal laws:

The dual sovereignty doctrine, as originally articulated and consistently applied by this Court, compels the conclusion that successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause.

The dual sovereignty doctrine is founded on the common-law conception of crimes as an offense against the sovereignty of the government. When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." As the Court explained in *Moore v. Illinois* [14 How. 13, 14 L.Ed. 306 (1852) ], "[a]n offence, in its legal signification, means the transgression of a law." Consequently, when the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable." [12]

The Commonwealth argues that *Heath* is dispositive of the issue at bar. We agree with the Commonwealth to the ex-

**10.** KRS 189A.010(1) (emphasis added).

**11.** 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).

**12.** *Id.* at 474 U.S. 88, 106 S.Ct. 437, 88 L.Ed.2d 394.

tent that we find that the dual sovereignty doctrine disposes of Stephenson's constitutional double jeopardy claims involving his former prosecution in Indiana. In order to fully address Stephenson's double jeopardy claim, however, we must consider Stephenson's argument regarding the applicability of Kentucky's statutory double jeopardy protections. KRS 505.050, which suspends the dual sovereignty doctrine as it relates to subsequent Kentucky prosecutions for a certain class of offenses by applying Kentucky's other statutory double jeopardy provisions "to conduct that violates the criminal laws of two different jurisdictions, i.e., this state and the United States or this state and a sister state," [13] provides:

> When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state, a prosecution in such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or a determination that there was insufficient evidence to warrant a conviction, and the subsequent prosecution is for an offense involving the same conduct unless:
>
> (a) Each prosecution requires proof of a fact not required in the other prosecution; or
>
> (b) The offense involved in the subsequent prosecution was not consummated when the former prosecution began; or
>
> (2) The former prosecution was terminated in a final order or judgment which has not subsequently been set aside and which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution.[14]

In *Hash v. Commonwealth*,[15] the Court of Appeals addressed the applicability of KRS 505.050 to a factually similar case where an intoxicated driver committed crimes in both Kentucky and in Tennessee:

> In the early morning hours of January 19, 1992, the appellant, Charles Hash, was operating his vehicle inappropriately in Knox County, Kentucky. Hash, who was driving under the influence of alcohol, nearly struck two Kentucky State Police vehicles and a chase ensued southbound on I–75. After Hash entered Tennessee, he continued to exhibit improper driving etiquette by operating his vehicle in a southerly direction in the northbound lane of I–75 at high rates of speed. Hash was ultimately apprehended by Tennessee troopers and charged with several crimes including the following: felony reckless endangerment, driving under the influence, failure to yield to emergency equipment, speeding (110 m.p.h. in a 65 m.p.h. zone), improper turn and driving on the wrong side of the road. He pled guilty to the reckless endangerment and the DUI charges, and received a sentence of 11 months, 29 days on each, to be served consecutively.
>
> On June 12, 1992, Hash was indicted on several crimes including two counts of wanton endangerment (KRS 508.060), driving under the influence (KRS 189A.010), reckless driving (KRS 189.290), and resisting arrest (KRS 530.090). All the charges were dismissed with the exception of the two

**13.** Kentucky Penal Code Commentary to KRS 505.050 (Banks/Baldwin 1974).

**14.** KRS 505.050.

**15.** Ky.App., 883 S.W.2d 892 (1994).

counts of wanton endangerment. Hash tried to convince the trial court that the Commonwealth was barred from prosecuting him on these two charges by the protections offered under the constitutional prohibition against double jeopardy. Being unsuccessful in this regard, Hash entered a plea of guilty on November 19, 1992, conditioned on his right to appeal the trial court's denial of his motion to dismiss. . . .

In his appeal Hash argues that his prosecution in Kentucky for the same conduct for which he was convicted in Tennessee violates KRS 505.050.[16] The Court of Appeals concluded that KRS 505.050 "ha[d] no applicability to the instant case"[17] because Kentucky had punished Hash for criminal conduct he committed within the Commonwealth of Kentucky and Tennessee had punished Hash for criminal conduct he committed in that jurisdiction:

[T]here is no . . . evidence that Hash was prosecuted in the state of Tennessee for his conduct in Kentucky; and if he was, the Tennessee court lacked jurisdiction over the offenses. *See* KRS 500.060. The two crimes of wanton endangerment in Kentucky were completed in Kentucky against two Kentucky victims before Hash ever entered Tennessee.

. . .

As far as we can tell from the documents relied upon by the appellant, he pled guilty to two crimes in Tennessee for criminal conduct that took place solely in Tennessee.[18]

█ Similarly, in the case sub judice, Indiana has punished Stephenson for the crime he committed by driving drunk *within Indiana,* and the Commonwealth seeks to punish Stephenson for the criminal conduct he allegedly committed, and completed, *in Kentucky* by driving under the influence in this jurisdiction. And, conceptually, this case is no different than if Stephenson had stolen a car in Kentucky and driven that car to Indiana, and committed a robbery in the State of Indiana. The fact that he committed *the same or a similar* criminal offense in both states during one trip behind the wheel is inconsequential—Indiana did not seek to punish Stephenson for his criminal conduct within the territorial jurisdiction of Kentucky and Kentucky does not seek to punish Stephenson for his criminal conduct within the territorial jurisdiction of Indiana. Accordingly, the indictment at issue does not involve conduct that "constitutes an offense within the concurrent jurisdiction of this state and . . . another state."[19] "Concurrent jurisdiction" is "[j]urisdiction exercised simultaneously by more than one court over the same subject matter *and*

---

**16.** *Id.* at 893. While Stephenson believes that *Hash* supports his double jeopardy argument and emphasizes the fact that, in *Hash,* the Commonwealth dismissed the DUI charge, we find no subtext in *Hash* suggesting that the prosecution was required to dismiss the DUI charge. Simply put, we decline Stephenson's invitation to assume that "did not" equates with "could not." Instead, we recognize that prosecutors have the discretion to decide whether to proceed with the prosecution of a charge. In *Hash,* the Commonwealth may have chosen to forgo the DUI prosecution because of the length of the sentence Hash

received for his DUI in Tennessee, because it did not believe that it could meet its burden of proof, or because of some other consideration. In any event, we find such speculation without purpose because, regardless of the basis for the prosecution's decision in *Hash,* the dismissal was not required.

**17.** *Id.*

**18.** *Id.* at 893–894.

**19.** KRS 505.050.

*within the same territory....*[20] For instance, in *Benton v. Crittenden*,[21] the investigating authorities alleged that the defendant forced his way into the victims' vehicle, forced the driver to drive the vehicle around Franklin and Shelby Counties, and then shot and killed the driver.[22] For this same conduct—all of which was committed in the Commonwealth of Kentucky, Benton was indicted by a federal grand jury with "carjacking" under federal law, and, after he was acquitted in federal court, indicted by a Franklin County Grand Jury for murder, kidnapping, and robbery under Kentucky law.[23] While the most common "concurrent jurisdiction" situations involve conduct that constitutes a crime under both state and federal law— e.g., controlled substances and firearms offenses—states may also, under some circumstances, exercise concurrent jurisdiction over criminal conduct occurring outside their borders in another state.[24] The fact that Kentucky and Indiana both provide criminal sanctions for those who drive drunk *within their own state borders*, however, does not involve an issue of concurrent jurisdiction. Thus, like the Court of Appeals panel in *Hash*, we hold that "KRS 505.050 has [no] application in this case that we can surmise."[25] As such, the fact of Stephenson's former DUI prosecution in Indiana provides no basis for the relief granted by the Court of Appeals.

## C. FORMER "PUNISHMENT" BY THE COMMONWEALTH OF KENTUCKY

 Stephenson also argued to the Court of Appeals that double jeopardy principles prohibit his conviction for the indicted offenses because he has already been punished for the same conduct by the Commonwealth of Kentucky through the Commonwealth's assistance to the Indiana authorities in their prosecution of him, supervision of his probation, and suspension of his driving privileges. We find Stephenson's contentions in this regard wholly without merit. Stephenson cites no authority, and we have found none, to support his assertions that a police officer's assistance to a sister state's prosecution and/or the Commonwealth's agreement to supervise a sentence of probation entered in another jurisdiction constitute punishment that would bar further prosecution. Further, this Court has specifically rejected the argument that a driver's license suspension implicates double jeopardy.[26] These allegations thus provide no support for the relief granted by the Court of Appeals.

## D. RES JUDICATA AND THE JEFFERSON DISTRICT COURT DISMISSAL

Stephenson argues that this Court should affirm the Court of Appeals because the Jefferson District Court's dismissal of the felony DUI charge acts as a bar to the Commonwealth's further prosecution. Stephenson observes that "[t]he Order from the Court of Appeals partially granting the Writ of Prohibition did not indicate on what grounds the Court was partially granting the writ," and submits that the Court of Appeals granted him

20. Black's Law Dictionary 885 (7th ed.1999) (emphasis added).

21. Ky., 14 S.W.3d 1 (2000).

22. *Id.* at 2.

23. *Id.*

24. *See* KRS 500.060.

25. *Hash v. Commonwealth, supra* note 15 at 894.

26. *Hourigan v. Commonwealth*, Ky., 962 S.W.2d 860, 862–63 (1998).

partial relief because it found that the Jefferson District Court's dismissal of the charges against Stephenson had preclusive effect. We find Stephenson's effort to cloak himself in the ambiguity created by the failure of the Court of Appeals to set forth the grounds for its order disingenuous. We cannot imagine any rational basis upon which the Court of Appeals could have concluded that the Jefferson District Court's dismissal barred the subsequent felony DUI prosecution, but not subsequent prosecutions for the other charges dismissed by the Jefferson District Court. However, we address Stephenson's argument nevertheless and find it unpersuasive.

KRS 505.030 outlines statutory double jeopardy protections "in the narrowest sense, i.e., when a defendant is faced with two prosecutions involving only one criminal statute and one set of facts." [27] In addition to outlining the fundamental double jeopardy principles—e.g. that a subsequent prosecution is prohibited when a former prosecution for the same conduct and offense resulted in a conviction or acquittal or an "on the merits" determination that the evidence was insufficient to support a conviction—KRS 505.030 provides:

> When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:
>
> . . .
>
> (3) The former prosecution was terminated by a final order or judgment, which has not subsequently been set aside, and which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution. . . . [28]

The Commentary to KRS 505.030 explains that the "or legal proposition" language in subsection (3) includes a situation where a court dismisses a charge after finding that the prosecution was barred by former jeopardy:

> Subsection (3) prohibits a subsequent prosecution for the same offense on the basis of the same facts if: the first prosecution terminated with a final order or judgment; that order or judgment, at the time of the second prosecution, has not been set aside; and the order or judgment required a determination of fact or law inconsistent with a subsequent conviction for the same offense. At the outset, it should be mentioned that this claim of former jeopardy . . . does not require a presentation of evidence in the former prosecution . . . [and] is not dependent upon an "attachment of jeopardy." The source of this subsection is the case of *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916). In that case, an initial indictment against the defendant had been dismissed because of the statute of limitations. He was subsequently reindicted for the same offense. His defense was former jeopardy. The government urged that his defense was nothing more than a claim of *res judicata* which did not apply to criminal cases. The Supreme Court rejected this position, ruled that the doctrine of *res judicata* does apply to criminal cases, and held the former prosecution a bar to the subsequent one. The matters intended for coverage by this subsection were indicated in the Model Penal Code:

---

27. Kentucky Penal Code Commentary to KRS 505.030 (Banks/Baldwin 1974).

28. KRS 505.030.

Illustrative of the pre-trial determinations which will bar a subsequent prosecution for the same offense are: a determination that the statute of limitations has run; a determination *that the defendant has been previously convicted or acquitted of the offense;* a determination that the defendant has been pardoned for the offense; and a determination that the defendant has been granted immunity by law from prosecution for the offense. Model Penal Code § 1.09, Comment at 50 (Tent. Draft No. 5, 1956) (citations omitted).[29]

This Court has held that a final order dismissing a criminal charge or indictment may bar subsequent prosecutions. In *Commonwealth v. Hicks,*[30] the Kenton District Court dismissed a misdemeanor DUI charge in an order that read, "[t]he Commonwealth's motion to continue is overruled and the defense motion to dismiss is sustained." The Commonwealth re-filed the charges, and the defendant unsuccessfully argued to the trial court that its former ruling barred the subsequent prosecution. Hicks sought a writ of prohibition from the Kenton Circuit Court, and this Court considered the matter on discretionary review. We held that "a judgment or order of dismissal, except on the grounds noted in the Rule [CR 41.02(3) ],

must be construed as being with prejudice unless it says otherwise"[31] and thus "results in an adjudication on the merits."[32] Because the Commonwealth had not sought amendment of or appealed from the order of dismissal, we held that the dismissal barred subsequent prosecution:

The order of dismissal contained no indication that it was intended to be without prejudice. Forthrightly, it denied a continuance and sustained the motion to dismiss. It said no more. As such, the order of dismissal was with prejudice and if the Commonwealth was to have relief, a timely amendment of the order of dismissal or an appeal from that order was required. Upon its failure to take steps to obtain such relief, the order of dismissal became final and subsequent litigation was thereby barred.[33]

In *Commonwealth v. Taber,*[34] we applied our holding in *Hicks* and found that the Scott Circuit Court's previous order dismissing Taber's nine-count indictment barred Taber's subsequent conviction under a new indictment for the same offenses.[35]

■ Here, the Jefferson District Court's notation on the docket sheet and case jacket read: "DM/SPC Duplicate Charges Prosecuted in New Albany."[36] The parties inform us that, in the shorthand em-

---

29. Kentucky Penal Code Commentary to KRS 505.030 (Banks/Baldwin 1974) (emphasis added).

30. Ky., 869 S.W.2d 35, 38 (1994).

31. *Id.* at 38.

32. *Id.*

33. *Id.*

34. Ky., 941 S.W.2d 463 (1997).

35. *Id.* at 464.

36. We observe that the Jefferson Circuit Court found *Hicks* inapplicable because it interpreted the Jefferson District Court's notation as to the duplicate charges in New Albany as an indication that "the dismissal in question was one for lack of jurisdiction" and therefore not a final adjudication on the merits. *See* CR 41.02(3). While we find this interpretation of the trial court's dismissal plausible, we do not believe it resolves the issues presented here. First, we find the notation at best ambiguous—particularly in light of Stephenson's articulation of the context in which the prosecution agreed to recommend dismissal. Second, *Hicks* places the onus of ensuring that the dismissal reflects its true

ployed in the Jefferson District Court, "DM" indicates "dismissed"—as distinguished from "DWOP," which represents "dismissed without prejudice"—and "SPC" signifies "stipulation of probable cause." Although the Office of the Jefferson County Attorney, after speaking with the police officer involved in the case, did bring a timely motion to reinstate the charges, the Commonwealth eventually withdrew this motion, and thereafter the Jefferson District Court's disposition became final. Stephenson thus argues that, in accordance with *Hicks*, his subsequent indictment and prosecution in Jefferson Circuit Court were improper. We disagree and find KRS 505.030 inapplicable.

KRS 505.060 provides:

A prosecution is not barred, as provided in KRS 505.030, 505.040 and 505.050 if the former prosecution:

. . .

(2) Was before a court which lacked jurisdiction over the defendant *or the offense.*[37]

The distinguishing factor between *Hicks* and *Taber* and the case at bar is that, while the Kenton District Court had the jurisdiction to dismiss finally a misdemeanor DUI charge and the Scott Circuit Court had the jurisdiction to dismiss finally a felony indictment, the Jefferson District Court did not have the jurisdiction to make a final adjudication as to Stephenson's felony[38] charges.

■ The Judicial Article of the Kentucky Constitution states that "[t]he district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly."[39] Although the General Assembly has granted the district courts limited jurisdiction in criminal matters,[40] district courts cannot

---

nature on the "one who wishes to preserve the viability of a dismissed claim." *Hicks v. Commonwealth, supra* note 30 at 38.

**37.** KRS 505.060 (emphasis added).

**38.** Although Stephenson currently stands indicted for First–Offense Operating a Motor Vehicle While License is Revoked or Suspended for Driving Under the Influence (a Class B misdemeanor), *see* KRS 189A.090(2)(a), the charge at the time the case was before the Jefferson District Court was a Third–Offense, felony violation of the same statute. *See* KRS 189A.090(2)(c). Thus, each of the three (3) offenses for which Stephenson is currently indicted was originally charged as a felony offense in Jefferson District Court.

**39.** KY. CONST. § 113(6).

**40.** KRS 24A.110:
(1) The District Court shall have exclusive jurisdiction to make final disposition of all criminal matters, including violations of county, urban-county, or city ordinances or codes, *except:*
(a) Offenses denominated by statute as felonies or capital offenses; and

(b) *Offenses punishable by* death or *imprisonment in the penitentiary.*
(2) The District Court has exclusive jurisdiction to make a final disposition of any charge or a public offense denominated as a misdemeanor or violation, except where the charge is joined with an indictment for a felony, and all violations of county, urban-county, or city ordinances and, prior to trial, to commit the defendant to jail or hold him to bail or other form of pretrial release.
(3) The District Court has, concurrent with Circuit Court, jurisdiction to examine any charge of a public offense denominated as a felony or capital offense or which may be punished by death or imprisonment in the penitentiary and to commit the defendant to jail or hold him to bail or other form of pretrial release.
(4) The District Court may, upon motion and for good cause shown, reduce a charge of a felony to a misdemeanor in accordance with the Rules of Criminal Procedure.
(Emphasis added).

make final dispositions as to felony offenses.[41] Instead, jurisdiction for final adjudications in felony cases is reserved for the circuit courts, which, under the Kentucky Constitution "shall have original jurisdiction of all justiciable causes not vested in some other court."[42] This Court has recognized that, when misdemeanor offenses are combined with felony offenses, the circuit and district court's respective jurisdictions as to the misdemeanor offenses "are not set out with crystal clarity."[43] However, no such ambiguity exists concerning district courts' jurisdiction as to felony offenses because "[f]inal disposition of felony cases is expressly excepted from district court jurisdiction."[44] While a district court that finds good cause to amend a charge to a misdemeanor offense may exercise jurisdiction to make a final adjudication as to that amended, misdemeanor offense,[45] the Jefferson District Court in this case made no such finding or disposition, and instead merely dismissed the felony offenses. Instead, as to each of Stephenson's felony offenses, "the district court could act only as an examining court"[46] by conducting a preliminary hearing to determine whether probable cause existed to detain the defendant—and even if the district court found probable cause lacking, the Commonwealth could still proceed with the prosecution by direct indictment.[47] We find that the Jefferson District Court lacked the jurisdiction to finally adjudicate Stephenson's felony DUI offense, and the Jefferson District Court's dismissal of that offense thus provides no basis for the issuance of a writ prohibiting Stephenson's prosecution for felony DUI.

## IV. CONCLUSION

For the above reasons, we reverse the court below and remand this matter to the Court of Appeals for entry of an order denying Stephenson's petition for a writ of prohibition.

All concur.

41. *Id; Waugh v. Commonwealth*, Ky.App., 605 S.W.2d 43, 45 (1980) ("KRS 24A.110 gives no jurisdiction for final disposition of felony cases to the district courts. Such is reserved to the circuit courts.").

42. KY. CONST. § 112(5).

43. *Keller v. Commonwealth*, Ky., 594 S.W.2d 589, 590 (1980).

44. *Commonwealth v. Hamblem*, Ky.App., 628 S.W.2d 345, 346 (1981). *Cf. Commonwealth v. Arnette*, Ky., 701 S.W.2d 407, 408 (1985) ("Obviously the district court has no trial jurisdiction over a felony offense.").

45. KRS 24A.110(4); *Commonwealth v. Karnes*, Ky., 657 S.W.2d 583 (1983); *Commonwealth v. Hamblem, supra* note 44.

46. *Keller v. Commonwealth, supra* note 43 at 592. *See also* KRS 24A.110(3); RCr 3.07; *Waugh v. Commonwealth, supra* note 41 at 45.

47. *See* Kentucky Penal Code Commentary to KRS 505.030 (Banks/Baldwin 1974) ("It should be mentioned that a dismissal of a charge in a preliminary hearing, although made after hearing evidence, cannot form the basis for a claim of former jeopardy."); *Locke v. Commonwealth*, Ky., 503 S.W.2d 729, 731 (1974) ("[A] detention hearing which is a preliminary hearing in nature, at which the defendant's liberty is not placed in jeopardy, can not be asserted in a later proceeding as constituting former jeopardy.").