**COMMONWEALTH of Kentucky, Appellant**

v.

**Latisha VIBBERT, Appellee.**

**No. 2012–CA–000231–MR.**

Court of Appeals of Kentucky.

April 12, 2013.

Jack Conway, Attorney General of Kentucky, J. Hays Lawson, Assistant Attorney General, Frankfort, KY, for appellant.

Emily Holt Rhorer, Assistant Public Advocate, Frankfort, KY, for appellee.

Before CAPERTON, COMBS and DIXON, Judges.

*OPINION*

DIXON, Judge:

Appellant, the Commonwealth of Kentucky, appeals from an order of the Barren Circuit Court dismissing an indictment against Appellee, Latisha Vibbert, for first-degree possession of a controlled substance, a Class D felony. For the reasons set forth herein, we reverse and remand this matter for further proceedings.

Vibbert was arrested on August 3, 2011, and charged with possession of a controlled substance, methamphetamine. In September 2011, Vibbert and the Barren County Attorney negotiated an agreement pursuant to Kentucky Revised Statutes (KRS) 218A.14151, which was approved by the Barren District Court, whereby she would participate in the "You Turn Deferred Prosecution" program and, upon successful completion of the program, the possession charge would be dismissed. Nevertheless, on October 20, 2011, a Barren County Grand Jury indicted her for the same offense that resulted in the deferred prosecution in the district court. Vibbert thereafter filed a motion in the Barren Circuit Court to dismiss the indictment. The circuit court granted the motion, holding:

> The agreement made by the Commonwealth in district court to defer prosecution and approved by the District Judge is binding on the Commonwealth. This Court is mindful of the provisions of House Bill 463 and the public policy established by the Kentucky General Assembly therein. The public policy of the Commonwealth is to address substance abuse issues sooner rather than later and deferred prosecution is part of that effort.

The Commonwealth thereafter appealed to this Court.

The Commonwealth argues on appeal that deferred prosecution as provided for in KRS 218A.14151 can only be entered into between a defendant and a Commonwealth's attorney, and is solely within the jurisdiction of the circuit court. Accordingly, it is the Commonwealth's position that since the district court herein had no authority to approve the agreement at issue, the subsequent indictment was appropriate. Vibbert responds that either a county or Commonwealth's attorney is authorized under KRS 218A.14151 to negotiate a deferred prosecution agreement, and that such is within the jurisdiction of the district court. Further, Vibbert maintains that public policy demands that the Commonwealth abide by the agreement it negotiated. We must disagree.

As a preliminary matter, Vibbert argues that the Commonwealth did not raise the scope and authority of KRS 218A.14151 in the circuit court and, thus, has not preserved this issue for appellate review. However, whether the district court can approve a deferred prosecution agreement concerns subject matter jurisdiction. "[S]ince subject matter jurisdiction concerns the very nature and origins of a court's power " 'to do anything at all[,]' " it " 'cannot be born of waiver, consent or estoppel[,]' " and may be raised at any time." *Hisle v. Lexington–Fayette Urban County Government*, 258 S.W.3d 422, 430–31 (Ky.App.2008) (citations omitted). *See also Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 47 (Ky. 1996). Furthermore, it is well established that a judgment entered by a court without subject matter jurisdiction is void. *Id.* at 48.

KRS 218A.14151, enacted in 2011 as part of the Correction Reform Bill HB 463, provides:

(1) A defendant charged with his or her first or second offense under KRS 218A.1415 may enter a deferred prosecution program subject to the following provisions:

(a) The defendant requests deferred prosecution in writing on an application created under KRS 27A.099, and the prosecutor agrees;

(b) The defendant shall not be required to plead guilty or enter an Alford plea as a condition of applying for participation in the deferred prosecution program;

(c) The defendant agrees to the terms and conditions set forth by the Commonwealth's attorney and approved by the court, which may include any provision authorized for pretrial diversion pursuant to KRS 533.250(1)(h) and (2); and

(d) The maximum length of participation in the program shall be two (2) years.

(2) If a prosecutor denies a defendant's request to enter a deferred prosecution program, the prosecutor shall state on the record the substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety.

(3) If the defendant successfully completes the deferred prosecution program, the charges against the defendant shall be dismissed, and all records relating to the case, including but not limited to arrest records and records relating to the charges, shall be sealed, except as provided in KRS 27A.099. The offense shall be deemed never to have occurred, except for the purposes of determining the defendant's eligibility for deferred prosecution under this section or voiding

of the conviction under KRS 218A.275, and the defendant shall not be required to disclose the arrest or other information relating to the charges or participation in the program unless required to do so by state or federal law.

(4) If the defendant is charged with violating the conditions of the program, the court, upon motion of the Commonwealth's attorney, shall hold a hearing to determine whether the defendant violated the conditions of the program.

(5) If the court finds that the defendant violated the conditions of the program, the court may, with the approval of the prosecutor:

(a) Continue the defendant's participation in the program;

(b) Change the terms and conditions of the defendant's participation in the program; or

(c) Order the defendant removed from the program and proceed with ordinary prosecution for the offense charged.

Vibbert asserts that the statute's interchange of the terms "Commonwealth's attorney" and "prosecutor" is evidence of the legislature's intent to include both Commonwealth's attorneys and county attorneys within the scope of the statute. Similarly, she argues that the legislature explicitly included the term "court" rather than "circuit court" because both have concurrent jurisdiction under KRS 218A.14151 with respect to deferred prosecution agreements. We disagree and conclude that the firmly rooted tenets of jurisdiction are dispositive.

As established in the Kentucky Constitution, "[t]he district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly." Ky. Const. § 113(6). Pursuant to § 113, our General Assembly enacted KRS 24A.110, which provides in relevant part:

(1) The District Court shall have exclusive jurisdiction to make final disposition of all criminal matters, including violations of county, urban-county, or city ordinances or codes, except:

(a) Offenses denominated by statute as felonies or capital offenses; and

(b) Offenses punishable by death or imprisonment in the penitentiary.

In *Commonwealth v. Stephenson*, 82 S.W.3d 876 (Ky.2002), Justice Keller discussed the scope of a district court's jurisdiction:

The Judicial Article of the Kentucky Constitution states that "[t]he district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly." Although the General Assembly has granted the district courts limited jurisdiction in criminal matters, district courts cannot make final dispositions as to felony offenses. Instead, jurisdiction for final adjudications in felony cases is reserved for the circuit courts, which, under the Kentucky Constitution "shall have original jurisdiction of all justiciable causes not vested in some other court." ... While a district court that finds good cause to amend a charge to a misdemeanor offense may exercise jurisdiction to make a final adjudication as to that amended, misdemeanor offense, the Jefferson District Court in this case made no such finding or disposition, and instead merely dismissed the felony offenses. Instead, as to each of Stephenson's felony offenses, "the district court could act only as an examining court" by conducting a preliminary hearing to determine whether probable cause existed to detain the defendant—and even if the district court

found probable cause lacking, the Commonwealth could still proceed with the prosecution by direct indictment.

*Id.* at 887–88. (Footnotes omitted).

 With respect to the prosecuting officials in each court, KRS 15.725(1) provides that the Commonwealth's attorney is responsible for the prosecution of all criminal cases that are triable in the circuit court in the judicial circuit where the Commonwealth's attorney is elected. Generally, the Commonwealth's attorney is responsible for prosecuting all felonies. The Commonwealth's attorney also has the primary responsibility within the judicial circuit to present cases to the grand jury. *Id.* County attorneys, on the other hand, are responsible for the prosecution of all criminal cases within the jurisdiction of the district court in the county or consolidated government where the county attorney is elected. KRS 15.725(2). As a rule, the county attorney is responsible for prosecuting all misdemeanors, violations, and juvenile matters, as well as conducting preliminary hearings in felony cases. Each is an independent elected official. Furthermore, KRS 15.725(3) provides, in pertinent part:

> Each Commonwealth's attorney and county attorney may enter into agreements to share or redistribute prosecutorial duties in the Circuit and District Courts. Any prosecutorial or related duty assigned by statute to the Commonwealth's attorney may be performed by the county attorney, and any prosecutorial or related duty assigned by statute to the county attorney may be performed by the Commonwealth's attorney pursuant to these agreements. Copies of the agreements shall when executed be forwarded to the Attorney General, the chief judges of the Circuit and District Courts, and the chief regional judges of the Circuit and District Courts.

Thus, while the statute permits each office to "assist each other in prosecution within their respective courts," a structural change in their statutory duties requires a formal written agreement. *Barnett v. Commonwealth,* 979 S.W.2d 98, 101 (Ky. 1998). Moreover, while the offices may work together, nothing requires them to do so.

 Turning to the matter herein, Vibbert was charged with possession of a controlled substance under KRS 218A.1415, which is a Class D felony. It is the Commonwealth's attorney, then, and not the county attorney, who has the authority to prosecute said felony. In fact, county attorney is not even mentioned in KRS Chapter 218A. Further, pursuant to KRS 218A.14151, if a defendant successfully completes a deferred prosecution program, "the charges against the defendant shall be dismissed." Obviously, only a court has the power to enter an order of dismissal. Thus, the statute plainly requires the court to make a final disposition of a felony charge, an act that is explicitly outside a district court's jurisdiction. *See Waugh v. Commonwealth,* 605 S.W.2d 43, 45 (Ky.App.1980) ("KRS 24A.110 gives no jurisdiction for final disposition of felony cases to the district courts. Such is reserved to the circuit courts.")

 Given the clear delineation of the district court's jurisdiction, had the legislature intended to include district courts within the scope of KRS 218A.14151, it would have explicitly done so by amending the district court's jurisdiction. We believe that the same holds true for county attorneys. The statute as currently written must be interpreted as limiting deferred prosecution agreements for felonies under KRS 218A.1415 to the discretion of the Commonwealth's attorney and the cir-

cuit court. Accordingly, neither the Barren County Attorney nor the district court had any authority to authorize the agreement with Vibbert and, therefore, the Commonwealth was not bound by such. Therefore, we must conclude that the circuit court erred in dismissing the subsequent indictment.

For the reasons set forth herein, the order of the Barren Circuit Court dismissing the indictment against Vibbert is reversed and this matter is remanded for further proceedings consistent with this opinion.

CAPERTON, Judge, Concurs.

COMBS, Judge, Concurs in Result by Separate Opinion.

COMBS, Judge, Concurring.

Vibbert is correct in arguing that KRS 218A interchanges the use of "Commonwealth's attorney" and "prosecutor" so as to make them virtually synonymous—although "County Attorney" is not specifically mentioned. Thus, her confusion as to the apparently fungible nature of the role of "prosecutor" is understandable if not wholly correct.

The jurisdictional argument is another matter. The majority opinion correctly notes that the circuit court alone has jurisdiction over felony offenses. However, in this case, the circuit court effectively ratified the disposition of the matter by the district court, reasoning correctly that the district court wholly complied with the public policy underlying House Bill 463.

It is clear from the record that this case technically should have originated in circuit court. I would suggest that the Commonwealth bore the burden of invoking the proper venue when it or its agent entered into this agreement. I would also suggest that the cause of genuine justice would have been better served if the Common-

wealth had filed an action in circuit court to properly enforce its agreement with Vibbert rather than attempting to circumvent and rescind it by filing a "surprise indictment" one month after it had agreed to the deferred prosecution agreement. Justice should not appear to be "two-faced"—even if it can succeed in doing so by successfully manipulating the rules.

**J.K., Appellant**